The plaintiff sued the defendants, executors of the will of Joseph P. Dunlop, deceased, upon a guaranty made by said Dunlop on certain notes of Charles S. Dunlop, secured by a trust deed.
The plaintiff filed its complaint, alleging in substance that Charles S. Dunlop made the notes to bearer and executed a deed of trust securing the same to P. B. Watt and W. B. Jerman, trustees; and that after the execution of the notes and deed of trust, and before delivery or negotiation of said notes, or the delivery and recording of the deed of trust, Joseph P. Dunlop, defendants' testator, for value received, and as a condition precedent, endorsed and signed upon the promissory notes the following guaranty:
"The undersigned hereby guarantees the prompt payment of the within obligation, both principal and interest, as and when same becomes due according to its terms, and agrees not to claim any right to be subrogated to the rights of the holder thereof until after the payment in full of all obligations described in the within mentioned deed of trust. *Page 197 
The undersigned further agrees to remain bound notwithstanding any extension of time which may be granted to the maker of the within obligation, hereby waiving all claim to any homestead exemption as to this obligation. Witness the following signature and seal on the day and year of the within mentioned obligation. Jos. P. Dunlop, (Seal)."
It was further alleged that the notes so guaranteed were negotiated for full value, and before maturity and default, to the plaintiff, and that the deed of trust was delivered and recorded. That upon default in the payment of the notes, and after notice to both maker and guarantor, the deed of trust was duly foreclosed and the net proceeds from the foreclosure sale credited on the amount then due on the notes, leaving a balance of $3,975.14 still due. That Dunlop died testate, leaving the defendants as executors of his will; and when plaintiff filed proof of claim for the amount alleged to be due, with interest, the defendants denied the claim. That by reason of these facts the estate of Dunlop is indebted to the plaintiff in the sum aforesaid, with interest thereon, recovery of which plaintiff demanded.
The defendants, in their further answer, set up as a defense against plaintiff's claim that the plaintiff had caused the property to be bought in at the foreclosure sale by the Investors Service Corporation for plaintiff's benefit; that the Investors Service Corporation was a subsidiary of the plaintiff, which held all or a substantial part of the capital of said subsidiary; that plaintiff was the owner and in control of the corporation; and that an understanding existed between the Investors Service Corporation and the plaintiff at the time of the foreclosure that the Investors Service Corporation would accept and hold the title to the lands so foreclosed, and would hold and dispose of the title thereto at the direction and for the use and benefit of the plaintiff.
The defendants further alleged that the plaintiff was really the purchaser of the foreclosed land, and that the same was indirectly conveyed to the plaintiff by a conveyance thereof to the Investors Service Corporation by deed dated 1 September, 1937. That the Investors Service Corporation paid no consideration for the land described in the deed of trust, or that if it did, the consideration was provided by the plaintiff. That at the time of the sale of the land, and improvements thereon, it was reasonably and fairly worth the amount of the debt secured by said deed of trust and that its market value was in excess of such indebtedness; and that under the law the debt of the plaintiff was fully satisfied and paid, and the estate of Joseph Dunlop was thereby fully released and discharged.
The plaintiff moved to strike out this further defense, on the ground that the statutory defense provided in chapter 275 of the Public Laws of 1933 (section 2593d, Michie's 1935 Code), is available only to defendants *Page 198 
in a suit "against the mortgagor, trustor, or other maker of any such obligation whose property has been so purchased (at foreclosure)," and that such special defense is unavailable to a guarantor of the debt.
The statute referred to provides substantially that where a foreclosure of property has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee, or other holder of the obligation thereby secured becomes the purchaser and takes title, either directly or indirectly, and thereafter sues for and undertakes to recover a deficiency judgment "against the mortgagor, trustor, or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as a matter of defense and offset . . . that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale . . . and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part."
The trial judge refused to strike out the further answer and defense, and plaintiff excepted and appealed.
On a motion to strike out, the test of relevancy of a pleading is the right of the pleader to present the facts to which the allegation relates in the evidence upon the trial. Pemberton v. Greensboro, 203 N.C. 514,515, 166 S.E. 396; Patterson v. R. R., ante, 38, 43. If the defense provided in chapter 275, Public Laws 1933, is available to the defendants in this case, they are entitled to introduce evidence of the facts constituting such defense on the trial.
At this juncture of the case we are not able to agree with the plaintiff that the suggested defense is not available to defendants as executors of the guarantor of the notes upon which this suit is brought.
It might be contended, with reason, that a proper construction of the statute should regard the act of a mortgagee, or trustee, or holder of the notes secured by the mortgage, in acquiring the mortgaged premises at a foreclosure sale had at its instigation and for its benefit, as an act going to the discharge of the instrument and giving to the guarantor the benefit of this defense under the Negotiable Instruments Law — C. S., 3101-3103. It would not be an unreasonable interpretation of the statute to hold that it proceeds upon the equitable assumption that the debtor has received payment in full when, by his own choice, he takes the land, and that the purpose of the law is, under such circumstances, to discharge the debt. *Page 199 
It is not, of course, for us to say whether the defendants can make good the allegations of their further defense: We only say that at this stage of the case we do not deny their right to make it.
We are not sure of plaintiff's right to appeal on this matter under C. S., 638, since the same question could have been raised on objections to the evidence and, if necessary, reviewed on appeal from the final judgment, and it does not now appear that any substantial right has been affected.Pemberton v. Greensboro, supra. But since the holding is adverse to plaintiff's contention, and the appeal has precedent, we prefer to decide the matter upon the merits.
The judgment denying the plaintiff's motion is
Affirmed.