BROCK AND SCOTT HOLDINGS, INC., PLAINTIFF v. BENNIE STONE, DEFENDANT

No. COA09-1270

(Filed 16 March 2010)

**1. Creditors and Debtors— modification of designation of exempt property—failure to show change of circumstances**

Plaintiff failed to show a change of circumstances authorizing modification of the designation of a debtor's exempt property even though plaintiff contended that the value was improperly estimated by defendant debtor. By failing to object in a timely manner, plaintiff effectively assented to the clerk's designation of exempt property. Furthermore, plaintiff did not appeal the clerk's designation of exempt property.

**2. Creditors and Debtors— valuation—findings of fact—fair market value**

The trial court did not abuse its discretion by allegedly failing to make the proper findings of fact regarding the fair market value of defendant debtor's property. The trial court was not required to make findings of fact beyond those necessary to resolve the material question raised in this case.

Appeal by Plaintiff from order entered 1 July 2009 by Judge Addie H. Rawls in District Court, Harnett County. Heard in the Court of Appeals 22 February 2010.

*Richard P. Cook, for Plaintiff-Appellant.*

*Legal Aid of North Carolina, Inc., by Celia Pistolis, Kenneth Love, and Jennifer Simmons, for Defendant-Appellee.*

WYNN, Judge.

A debtor's exemption "may be modified upon a change of circumstances, by motion in the original exemption proceeding, made by the debtor or anyone interested." N.C. Gen. Stat. § 1C-1603(g) (2009). Because Plaintiff offered no evidence of a change in circumstances, we affirm the trial court's denial of Plaintiff's Motion to Modify Designation of Exempt Property.

On 12 July 2007, Plaintiff Brock and Scott Holdings, Inc. filed to recover the outstanding balance owed on the credit card of Defendant Bennie Stone, as well as interest and attorney's fees as

allowed in the cardholder agreement. Defendant was served with the complaint and a summons on 16 July 2007. Defendant failed to appear in the matter or answer the complaint. Plaintiff filed a motion for entry of default and default judgment on 27 August 2007. The motion was granted and judgment entered in favor of Plaintiff on 27 August 2007.

On 29 October 2007, Plaintiff served Defendant with a Notice of Right to Have Exemptions Designated. Defendant filed a Motion to Claim Exempt Property on 15 November 2007. Plaintiff, though properly served with the motion, did not object thereto. On 21 November 2007, the Harnett County Clerk of Superior Court entered an order designating the property listed in Defendant's exemption schedule as exempt from execution. Plaintiff neither moved to set aside nor appealed from the clerk's order which designated these exemptions.

The clerk's order incorporated by reference the exemption schedule filed by Defendant. In the exemption schedule, Defendant listed the estimated value of his residence as $20,000. Defendant also identified senior liens encumbering the residence which totaled $21,843.89. Because the exemption schedule indicated there was no equity in the residence, Plaintiff did not seek an order to sell Defendant's property to satisfy its judgment against Defendant.

On 7 January 2009, Plaintiff filed a motion to modify the exemptions of Defendant's real property, claiming a change in circumstances. Specifically, Plaintiff claimed that the real property had a fair market value substantially higher than that which Defendant claimed in the exemption schedule. Plaintiff offered evidence that the tax value of the residence, as identified by the Harnett County Tax Assessor in 2009, was $66,360. In response, Defendant presented evidence that the County assessed the same value to Defendant's real property in 2007, when the exemption schedule was filed.[1]

The trial court denied Plaintiff's motion, noting that "[t]he very evidence the Plaintiff relies upon existed and could have been presented to the Harnett county clerk when she determined the property value." Accordingly, the trial court concluded that there had not been a change in circumstances and, as such, Plaintiff was not entitled to modify Defendant's exemptions. Plaintiff appeals, arguing that

---

1. *See Clay v. Monroe,* 189 N.C. App. 482, 487, 658 S.E.2d 532, 536 (2008) (permitting the *ad valorem* tax value assessed by a county to serve as evidence of the value of real property).

the trial court abused its discretion by failing to I) modify the exemption or II) make the necessary findings of fact.

## I.

[1] A debtor's exemption "may be modified upon a change of circumstances, by motion in the original exemption proceeding, made by the debtor or anyone interested." N.C. Gen. Stat. § 1C-1603(g) (2009). "[T]he use of [the word] 'may' generally connotes permissive or discretionary action and does not mandate or compel a particular act." *Campbell v. Church*, 298 N.C. 476, 483, 259 S.E.2d 558, 563 (1979). "[A] discretionary order of the trial court is conclusive on appeal absent a showing of abuse of discretion." *Privette v. Privette*, 30 N.C. App. 41, 44, 226 S.E.2d 188, 190 (1976). Thus, we review the order of the trial court for an abuse of discretion.

To understand the backdrop against which the trial court exercised its discretion, we begin with a brief outline of the relevant statutory procedure utilized to set aside exempt property. After judgment, and prior to the issuance of a writ of execution or possession, the judgment creditor must serve notice on the judgment debtor advising him of his statutory rights to certain exemptions from the judgment. N.C. Gen. Stat. § 1C-1603(a)(4) (2009). Once served, the judgment debtor can "either file a motion to designate his exemptions with a schedule of assets or may request . . . a hearing before the clerk to claim exemptions." N.C. Gen. Stat. § 1C-1603(e)(1) (2009). When, as in this matter, the judgment creditor "designates his exemptions by filing a motion and schedule of assets," he must serve a copy of the motion and schedule on the judgment creditor. N.C. Gen. Stat. § 1C-1603(e)(3) (2009). "The judgment creditor has 10 days from the date served with a motion and schedule of assets . . . to file an objection to the judgment debtor's schedule of exemptions." N.C. Gen. Stat. § 1C-1603(e)(5) (2009). "If the judgment creditor files no objection to the schedule filed by the judgment debtor or claimed at the requested hearing, the clerk shall enter an order designating the property allowed by law and scheduled by the judgment debtor as exempt property." N.C. Gen. Stat. § 1C-1603(e)(6) (2009).

The record in this case indicates that the procedures laid out above were followed without deviation. At no point did Plaintiff object to the Defendant's motion designating exemptions, so the clerk entered an order exempting all property allowed by law and scheduled by Defendant. The matter before this Court arose when Plaintiff, more than a year later, filed a motion to modify the exemp-

tion order. As grounds for modification, Plaintiff alleged a change in circumstances. In light of the reports from the Harnett County Tax Assessor indicating that the value of the home had not changed since the clerk's initial designation of exemption, the district court judge denied Plaintiff's motion to modify.

Plaintiff contends on appeal that the trial court erred by denying this motion because Defendant's real property has a value ($66,360) substantially exceeding that which was designated on the schedule of assets ($20,000). However, Plaintiff presented no evidence indicating a *change* in value, instead essentially arguing that the value was improperly estimated by Defendant upon filing the exemption schedule with the clerk. Notably, statutory provisions exist whereby a judgment creditor, upon objection to the exemption schedule, is entitled to a hearing before a district court judge for the purpose of valuing the property and designating appropriate exemptions. *See* N.C. Gen. Stat. § 1C-1603(e)(7)-(9) (2009). By failing to object in a timely manner, Plaintiff effectively assented to the clerk's designation of exempt property. Furthermore, Plaintiff did not appeal the clerk's designation of exempt property, which also would have afforded an additional opportunity for review by the district court judge. *See* N.C. Gen. Stat. § 1C-1603(e)(12) (2009) ("Appeal from a designation of exempt property by the clerk is to the district court judge. A party has 10 days from the date of entry of an order to appeal."). Thus, Plaintiff fails to show how there has been a "change of circumstances" authorizing the district court judge to modify the designation of exempt property. Accordingly, Plaintiff's argument is without merit.

II.

[2]  Plaintiff also argues that the district court abused its discretion by failing to make the proper findings of fact regarding the fair market value of Defendant's property. This argument confuses the task of the district court judge hearing a motion to modify a debtor's exemption. In such a proceeding, the role of the trial court is to decide whether a change of circumstances exists which justifies modification.[2] As the moving party, it was incumbent upon Plaintiff to offer evidence establishing the existence of such a change. Yet, the only

---

2. This is in contrast to a proceeding instituted in response to a judgment creditor's objection to a proposed exemption schedule. *See* N.C. Gen. Stat. § 1C-1603(e)(7) (2009). Upon such an objection by a judgment creditor, the district court is statutorily required to "determine the value of the property" and may "appoint a qualified person to examine the property and report its value." N.C. Gen. Stat. § 1C-1603(e)(8) (2009).

evidence offered to persuade the court was a tax assessment which, upon further review, identified the value of the subject property to be the same as it was when the clerk initially designated the property exempt. The trial court found as fact that the "motion to modify has not been supported by new evidence from which a change in value could be found." *Cf.* N.C. Gen. Stat. § 1C-1603(g) (2009) ("A substantial change in value may constitute changed circumstances."). The trial court is not required to make findings of fact beyond those necessary to resolve the material question raised in this case. *See Witherow v. Witherow*, 99 N.C. App. 61, 66, 392 S.E.2d 627, 631 (1990), *aff'd*, 328 N.C. 324, 401 S.E.2d 362 (1991). To require the trial court in this instance to make findings regarding the past and present values of Defendant's property would have the untenable consequence of shifting the burden of production to the trial court. Instead, we find that the trial court did not abuse its discretion in this case; accordingly, Plaintiff's argument is without merit.

Nonetheless, Plaintiff further contends that affirming the trial court in this case will have the unintended consequence of encouraging the misrepresentation of property values by judgment debtors. However, as noted above, if a judgment creditor objects to the debtor's valuation, statutory relief is granted in the form of a hearing before a district court judge in which the valuation of the property can be thoroughly conducted. Furthermore, any designation of exempt property, whether by the clerk or the district court, is appealable. In light of these legislatively created opportunities to challenge the property values represented by judgment debtors, we find no merit to Plaintiff's argument.

Affirmed.

Chief Judge MARTIN and Judge STEPHENS concur.