HIGH POINT BANK AND TRUST COMPANY, Plaintiff-Appellant

v.

HIGHMARK PROPERTIES, LLC; MITCHELL BLEVINS, CYNTHIA BLEVINS, CHARLES WILLIAMS and JANICE WILLIAMS, Defendants-Appellees

No. COA13-331

Filed 3 December 2013

1. **Parties—foreclosure and deficiency—borrower—voluntary dismissal and joinder**

     In an action involving the purchase of real estate for development, with guaranty agreements, default, foreclosure, and a dispute over the amount of the deficiency, the trial court did not abuse its discretion by joining the borrower (defendant Highmark Properties, Inc.), which plaintiff had earlier dismissed voluntarily.

2. **Guaranty—real estate deficiency—offset**

     In an action arising from the foreclosure of real estate purchased for development, with guaranty agreements and a deficiency after a foreclosure sale, the guarantors were only responsible for

the borrower's indebtedness. While plaintiff argued that the defense and offset provided in N.C.G.S. § 45-21.36 was personal to the borrower and not available to the guarantors, in this case the borrower was allowed the offset defense, not the guarantors, and the guarantors' liability was established once the jury and the trial court determined the borrower's indebtedness.

Judge DILLON concurs in part and concurs in result only in part.

Appeal by Plaintiff from orders entered 19 September 2011 and 4 October 2011 by Judge Ronald E. Spivey and judgment entered 11 July 2012 by Judge Stuart Albright in Superior Court, Guilford County. Heard in the Court of Appeals 24 September 2013.

*Roberson Haworth & Reese, P.L.L.C., by Alan B. Powell, Christopher C. Finan, and Matthew A.L. Anderson, for Plaintiff-Appellant.*

*Wells Jenkins Lucas and Jenkins PLLC, by Ellis B. Drew, III and Ann G. Sugg, for Defendants-Appellees.*

*Brooks Pierce McLendon Humphrey & Leonard LLP, by Robert A. Singer, S. Leigh Rodenbough IV, Kathleen A. Gleason, and Joseph A. Ponzi, for the North Carolina Bankers Association, amicus curiae.*

McGEE, Judge.

At all times relevant to this appeal, Highmark Properties, LLC ("Borrower") was a company involved in real estate development. Mitchell Blevins, Cynthia Blevins, Charles Williams, and Janice Williams ("Guarantors" and, together with Borrower, "Defendants"), were Borrower's members. High Point Bank and Trust Company ("Plaintiff") was a financial institution, with its principal place of business in Guilford County, North Carolina. Borrower obtained loans totaling $6,450,000.00 from Plaintiff, through two promissory notes: one executed on 18 January 2007 for $4,700,000.00 ("first note"), and one executed on 2 May 2007 for $1,750,000.00 ("second note"), for the purposes of developing real estate. The two notes were secured by deeds of trust to two parcels of real property ("the property") owned by Borrower. The first note was secured by the first parcel of real property, and the second note was secured by the second parcel of real property. Contemporaneously with the promissory notes, Plaintiff and Guarantors executed guaranty agreements whereby

Guarantors "guarantee[d] full and punctual payment and satisfaction of the indebtedness of Borrower to Lender [Plaintiff], and the performance and discharge of all Borrower's obligations under the Note[s][.]"

Borrower defaulted with an indebtedness of $3,541,356.00 remaining on the first note, and $1,336,556.00 remaining on the second note. Plaintiff filed a complaint on 19 October 2010 initiating an action against Defendants on the two notes, seeking to recover this outstanding indebtedness.

Plaintiff sold both parcels of the property at foreclosure sales on 8 February 2011. Plaintiff was the sole bidder, and purchased the first parcel for $2,578,070.00 and the second parcel for $720,000.00. Plaintiff filed a motion for summary judgment on 28 July 2011. Plaintiff then voluntarily dismissed Borrower from Plaintiff's action on 18 August 2011. Guarantors filed a motion on 2 September 2011 to rejoin Borrower as a defendant in the action, and simultaneously filed a motion for leave to file a third-party complaint against Borrower. Plaintiff filed a motion *in limine*, requesting that the trial court issue an "order excluding all evidence involving or relating . . . to the value of the properties foreclosed on[.]" Plaintiff's motion was in response to its belief that Guarantors intended

> to present certain evidence in support of two separate defenses. In particular, the Guarantors are offering evidence relating to . . . the value of the properties foreclosed on in support of the defense under N.C. Gen. Stat. § 45-21.36 that the bid amount at the foreclosure sale was substantially less than the true market value of the property[.]

In its motion, Plaintiff argued that the defense under N.C. Gen. Stat. § 45-21.36, allowing an offset on the amount owed on the notes based on the value of the property, was not available to Guarantors.

The trial court, by order entered 19 September 2011, ruled that joinder of Borrower to the action was "appropriate under N.C.G.S. § 26-12[,]" and that, pursuant to the North Carolina Rules of Civil Procedure, Borrower was a necessary party pursuant to Rule 19, or a permissive party pursuant to Rule 20, "and should be joined." The trial court further found "that [Borrower] is a going concern; is not in bankruptcy; is not dissolved; and is subject to the jurisdiction of this Court. In fact, [] Plaintiff sued [Borrower], and [Borrower] was a party until August 18, 2011, when Plaintiff filed a Dismissal without prejudice as

to [Borrower]." The trial court also denied Guarantors' motion to file a third-party complaint against Borrower.

By order entered 4 October 2011, the trial court entered summary judgment against Guarantors on the issue of liability, and further ruled that "[t]he value of the property securing payment of the Notes and its effect, if any, on the deficiency owed are the sole unresolved issues remaining for trial." Defendants, now including both Borrower and Guarantors, filed a motion to amend their answer so they could "assert N.C.G.S. § 45-21.36 specifically as a defense." Plaintiff consented to Defendants' motion to amend, and leave for Defendants to file an amended answer was granted by consent order entered 18 April 2012. Defendants' amended answer was filed that same date.

Plaintiff and Defendants stipulated to the following relevant facts by pretrial order entered 18 April 2012: (1) "all parties have been correctly designated, and there is no question as to misjoinder[,]" (2) "[t]he total deficiency on the First Note following the foreclosure sale . . . was . . . $963,286[,]" (3) "[t]he total deficiency on the Second Note following the foreclosure sale . . . was . . . $616,556[,]" (4) "that the single remaining issue for trial is . . . Defendants' affirmative defense under N.C. Gen. Stat. § 45-21.36[,]" and (5) this issue included whether the amount paid by Plaintiff at the foreclosure sales for the two parcels of the property "was substantially less than [the] true value."

Following a trial in which Plaintiff and Defendants submitted evidence related to the fair market value of the real property, the jury decided on 20 April 2012, that the amounts paid by Plaintiff for the parcels of real property at foreclosure were substantially less than the fair market value of the parcels. The jury determined the fair market value of parcel one was $3,723,000.00, and the fair market value of parcel two was $1,034,000.00. Judgment was entered 11 July 2012, in which the trial court ruled that Borrower's indebtedness on the first note was $0.00, because the jury had determined that the fair market value of the first parcel of the property was greater than Borrower's remaining debt of $3,541,356.00. The trial court ruled that Borrower's indebtedness on the second note was reduced to $302,556.00, because the jury had determined the fair market value of parcel two was $1,034,000.00, and Borrower's remaining debt was $1,336,556.00. The trial court then ruled that Borrower and Guarantors were jointly and severally liable, and ordered Defendants to pay Plaintiff $302,556.00 for the remaining uncollected debt, as well as granting Plaintiff attorney's fees and interest. Plaintiff appeals.

## I.

The issues on appeal are whether: (1) reducing the liability of Guarantors based upon N.C. Gen. Stat. § 45-21.36 was improper, (2) N.C. Gen. Stat. § 26-12 "enlarge[d] the scope of available defenses," and (3) joinder of Borrower as a party-defendant was improper.

## II.

**[1]** "[A] guarantor stands in the shoes of the debtor with respect to liability[.]" *Gregory Poole Equipment Co. v. Murray*, 105 N.C. App. 642, 646, 414 S.E.2d 563, 566 (1992). Therefore, upon Borrower's default, Guarantors were responsible to Plaintiff for Borrower's remaining liability on the first and second notes. Stated otherwise, and to use language from the guaranty agreements drafted by Plaintiff, Guarantors were liable for any remaining "indebtedness of Borrower to Lender [Plaintiff]."

After Plaintiff voluntarily dismissed Borrower from this action, Guarantors moved to re-join Borrower pursuant to, *inter alia*, N.C. Gen. Stat. § 26-12, which states in relevant part:

> When any [guarantor] is sued by the holder of the obligation, the court, on motion of the [guarantor] may join the principal as an additional party defendant, provided the principal is found to be or can be made subject to the jurisdiction of the court. Upon such joinder the [guarantor] shall have all rights, defenses, counterclaims, and setoffs which would have been available to him if the principal and [guarantor] had been originally sued together.

N.C. Gen. Stat. § 26-12(b) (2011). So long as Plaintiff was subject to the jurisdiction of the trial court, and that is not disputed in this case, the trial court's joinder of Plaintiff upon Guarantors' request was discretionary. "[T]he use of [the word] 'may' generally connotes permissive or discretionary action and does not mandate or compel a particular act. [A] discretionary order of the trial court is conclusive on appeal absent a showing of abuse of discretion." *Brock and Scott Holdings, Inc. v. Stone*, 203 N.C. App. 135, 137, 691 S.E.2d 37, 38-39 (2010) (quotation marks and citations omitted).

Plaintiff makes no argument that the trial court abused its discretion in joining Borrower to Plaintiff's suit seeking recovery for Borrower's default, and we find none. Plaintiff seemed to concede joinder was proper at oral argument, but argues in its brief that joinder pursuant to N.C.G.S. § 26-12(b) was improper as a matter of law because

Guarantors were thereby able to benefit from Borrower's offset defense. The only authority relied upon by Plaintiff in support of this argument is *Poughkeepsie Sav. Bank, FSB v. Harris*, 833 F. Supp. 551 (W.D.N.C. 1993). This opinion is not binding on this Court. More importantly, the trial court in *Poughkeepsie*, assuming *arguendo*, that N.C.G.S. § 26-12(b) "binds a federal court sitting in diversity," recognized that joinder pursuant to N.C.G.S. § 26-12(b) is discretionary, and decided, in its discretion, against joinder. *Id.* at 554. We hold the trial court did not abuse its discretion in joining Borrower pursuant to N.C.G.S. § 26-12(b).

Once joined, Borrower was entitled to assert the defense of offset pursuant to N.C. Gen. Stat. § 45-21.36 (2011) in order to determine Borrower's indebtedness to Plaintiff. N.C.G.S. § 45-21.36 states in relevant part:

> When any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset, but not by way of counterclaim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part[.]

N.C.G.S. § 45-21.36. This Court has stated:

> N.C. Gen. Stat. § 45-21.36 applies well-settled principles of equity to provide protection for debtors whose property has been sold and purchased by their creditors for a sum less than its fair value. *Richmond Mortgage & Loan Corp. v. Wachovia Bank & Trust Co.*, 210 N.C. 29, 185 S.E. 482 (1936), *aff'd*, 300 U.S. 124, 81 L.Ed. 552 (1937).

*NCNB v. O'Neill*, 102 N.C. App. 313, 316, 401 S.E.2d 858, 859 (1991). N.C.G.S. § 45-21.36 is a statute based in equity enacted to prevent "abuse

leading to a windfall," *Id.* at 316, 401 S.E.2d at 859, it "does not relieve the [borrower] of its debt[,] . . . [i]t simply limits the plaintiff to what it bargained for – repayment in full plus interest." *Id.* at 317, 401 S.E.2d at 860 (citations omitted).

After the jury in the present case determined the fair market value of the property, the trial court determined that "[Borrower's] indebtedness on the First Note was reduced to $0.00[,]" and that "[Borrower's] indebtedness on the Second Note was reduced to $302,556.00." The trial court then ruled that Guarantors were jointly and severally liable with Borrower for $302,556.00.

Pursuant to established principles of surety law, *Gregory Poole*, 105 N.C. App. at 646, 414 S.E.2d at 566, and the guaranty agreements drafted by Plaintiff, Guarantors were liable to Plaintiff for "the Indebtedness of Borrower to [Plaintiff.]"[1] The guaranty agreements state: "The word 'Indebtedness' means Borrower's indebtedness to [Plaintiff] as more particularly described in this Guaranty[,]" and further state:

> The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees arising from any and all debts, liabilities and obligations that Borrower individually or collectively or interchangeably with others, owes or will owe Lender under the Note[.]

That indebtedness was established at trial, and Plaintiff does not argue on appeal that there was any error at trial concerning the jury's determination of the fair market value of the property, or concerning the trial court's determination of the remaining indebtedness in light of the jury's determination. Plaintiff argues that it should be allowed to recover from Borrower, through purchase and sale of the two parcels of real property, then recover again from Guarantors, based upon Guarantors' agreement to guarantee Borrower's indebtedness to Plaintiff. However, according to the guaranty agreements: "This Guaranty . . . will continue in full force until all the Indebtedness shall have been fully and finally paid and satisfied and all of Guarantor's other obligations under this Guaranty shall

---

1. The guaranty agreements all begin with the following language: "For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to [Plaintiff], and the performance and discharge of all Borrower's obligations under the Note and the related Documents."

have been performed in full." That indebtedness was partially satisfied through the Plaintiff's actions at the foreclosure sales. The trial was conducted to determine the remainder of the indebtedness.

Plaintiff argues that the defense and offset provided for in N.C.G.S. § 45-21.36 is personal to Borrower, and not available to Guarantors simply because Borrower had availed itself of the offset defense, and Borrower was re-joined in the action pursuant to N.C.G.S. § 26-12(b). We agree that the plain language of N.C.G.S. § 26-12(b) does not, upon re-joinder of Borrower, expand the defenses available to Guarantors beyond those that were available to Guarantors when Plaintiff originally brought action against both Borrower and Guarantors together. However, in the present case Guarantors were *not* allowed an offset defense, Borrower was. The fact that Guarantors "benefitted," because the amount of Borrower's indebtedness was determined at trial to be less than what Plaintiff claimed, does not alter this fact. Plaintiff directs us to no controlling nor persuasive law in support of its position in this matter.

The issue in the case before us is *not* whether a guarantor can *personally* assert an offset defense pursuant to N.C.G.S. § 45–21.36. We have not held that Guarantors had the right to avail *themselves* of the offset defense in N.C.G.S. § 45-21.36. We quite assiduously avoided making that determination. We hold that Guarantors were only responsible for Borrower's indebtedness. This holding is in accord with precedent and the language of the guaranty agreements drafted by Plaintiff. Once the jury and the trial court determined Borrower's indebtedness to Plaintiff, Guarantors' liability to Plaintiff was thereby established.

Plaintiff does raise legitimate questions concerning a guarantor's rights, if any, with respect to N.C.G.S. § 45–21.36. The earliest opinion addressing this issue appears to be *Trust Co. v. Dunlop*, 214 N.C. 196, 198 S.E.2d 645 (1937). Our Supreme Court in *Dunlop* held that the guarantor, though not a "mortgagee, or trustee, or holder of the notes secured by the mortgage," *id.* at 196, 198 S.E. at 646, had a right to "present the facts" concerning the statutory offset defense at trial. *Id.* Our Supreme Court further stated: "It is not, of course, for us to say whether the defendants can make good the allegations of their [offset] defense: We only say that at this stage of the case we do not deny their right to make it." *Id. Dunlop* seems to allow a guarantor to step into the borrower's shoes and assert the offset defense because

> [i]t would not be an unreasonable interpretation of the statute to hold that it proceeds upon the equitable assumption that the debtor has received payment in full when, by

his own choice, he takes the land, and that the purpose
of the law is, under such circumstances, to discharge
the debt.

*Id.* Opinions of this Court have acknowledged this reading of *Dunlop.
Chem. Bank v. Belk,* 41 N.C. App. 356, 368-69, 255 S.E.2d 421, 429 (1979)
("even a guarantor could likely assert [N.C.G.S. § 45-21.38 as a] defense.
*See Trust Co. v. Dunlop,* 214 N.C. 196, 198 S.E. 645 (1938)."); *Smith
v. Childs,* 112 N.C. App. 672, 684, 437 S.E.2d 500, 508 (1993) ("While personal guaranties are not explicitly covered by G.S. 45-21.38, the statute
does preclude 'a deficiency judgment on account of' a purchase money
deed of trust. This Court has previously commented even a guarantor arguably could assert G.S. § 45-21.38 as a defense. *Chemical Bank
v. Belk,* 41 N.C. App. 356, 368-69, 255 S.E.2d 421, 429, *disc. review denied,*
298 N.C. 293, 259 S.E.2d 911 (1979). Moreover, our Supreme Court has
ruled the guarantor of a purchase money deed of trust is entitled to
plead the anti-deficiency statute as a defense in an action brought on
his personal guaranty. *Virginia Trust Co. v. Dunlop,* 214 N.C. 196, 198-
99, 198 S.E. 645, 646 (1938). While the anti-deficiency statute at issue in
[*Dunlop*] was not identical to present G.S. § 45-21.38, both statutes are
similar in that guarantors are not expressly covered.").

To the extent *Dunlop* stands for the proposition that guarantors can
claim the offset defense in N.C.G.S. § 45-21.38 under appropriate circumstances, opinions of this Court holding otherwise are not controlling.
*Andrews ex rel. Andrews v. Haygood,* 188 N.C. App. 244, 248, 655 S.E.2d
440, 443 (2008) ("this Court has no authority to overrule decisions of our
Supreme Court and we have the responsibility to follow those decisions
'until otherwise ordered by . . . [our] Supreme Court' ") (citation omitted). However, our holding in this matter does not require us to resolve
this issue, and we do not presume to do so.

We hold that once Borrower successfully obtained an offset pursuant to N.C.G.S. § 45–21.36, reducing Borrower's indebtedness thereby,
Guarantors could only be held responsible for Borrower's indebtedness.
Plaintiff's arguments are without merit.

No error.

Judge McCULLOUGH concurs.

DILLON, Judge, concurring in part and concurring in the result only
in part.

**HIGH POINT BANK & TR. CO. v. HIGHMARK PROPS., LLC**

[231 N.C. App. 31 (2013)]

I concur with the majority's conclusion that the trial court did not abuse its discretion in joining Highmark Properties, LLC, ("Borrower") to this action. However, regarding the majority's holding that the trial court did not err by reducing the liability of the individual defendants ("Guarantors") based upon N.C. Gen. Stat. § 45-21.36 (2011), I concur in result only for the reasons set forth below.

I believe that holdings from our Court, discussed *infra*, would compel us to conclude that the trial court erred in reducing the liability of the Guarantors based on the jury's determination of the collateral's fair market value rendered in connection with the Borrower's assertion of the defense provided in G.S. § 45-21.36. However, I reach the same holding as the majority because I believe this case is controlled by our Supreme Court's holding in *Trust Co. v. Dunlop*, 214 N.C. 196, 198 S.E. 645 (1937), where the Court, essentially, held that a guarantor could assert the defense provided by G.S. § 45-21.36 in a case even where the mortgagor-borrower was not a party.

Normally, following a foreclosure sale, the amount of the underlying indebtedness securing a mortgage is deemed reduced by the amount of the net proceeds realized from the sale. N.C. Gen. Stat. § 45-21.31(a)(4) (2011). This general rule is abrogated in situations where the creditor, who commenced the foreclosure, is the high bidder at the foreclosure sale. I believe the key question here is whether the Legislature, by enacting G.S. § 45-21.36, intended for the actual value of the collateral at the time of the foreclosure – as opposed to the net proceeds realized from the sale – to serve as a measure by which the indebtedness is reduced or as a measure by which the *mortgagor-borrower's personal liability* to pay the indebtedness is reduced. If the former is true, then I believe a guarantor should be able to assert G.S. § 45-21.36, even if the borrower whose property served as the collateral for the debt is not a party to the action since the guarantor is only liable for the actual amount of the underlying indebtedness. However, if the latter is true — and the defense provided by G.S. § 45-21.36 is intended to provide a defense that is personal to the mortgagor-borrower — then I believe a guarantor cannot benefit from the defense.[1]

---

1. Examples of defenses that are *personal* to the primary borrower, which we have stated cannot generally be asserted by a guarantor or surety, are found in *Exxon v. Kennedy*, 59 N.C. App. 90, 295 S.E.2d 770 (1982) (holding that a discharge of a debtor through bankruptcy does not discharge the obligation of a guarantor under a guaranty agreement); and in *Town v. Smith*, 10 N.C. App. 70, 74, 178 S.E.2d 18, 21 (1970), *cert. denied*, 277 N.C. 727, 178 S.E.2d 831 (1971), where we stated that "[a] surety for an idiot or an infant, or a surety for a corporation or governmental entity acting *ultra vires*, may be

Our Court has held that the guarantor of a mortgagor's debt may not avail himself of the defense provided by G.S. § 45-21.36. For instance, in *Wells Fargo Bank, N.A. v. Arlington Hills of Mint Hill, LLC*, which involved a deficiency suit by a creditor against a mortgagor-borrower and the guarantors, our Court affirmed the trial court's summary judgment order against the guarantors, stating that "[t]he fact that Bank also named Borrower, the mortgagor, as a defendant in the deficiency action does not expand the availability of the offset defense under N.C. Gen. Stat. § 45-21.36 to non-mortgagor [guarantors]." __ N.C. App. __, __, 742 S.E.2d 201, 204 (2013).

In *Borg-Warner v. Johnston*, which involved a deficiency suit against only the guarantors of a loan, our Court held that the guarantor-defendants could not invoke G.S. § 45-21.36 as a means to determine the amount of the indebtedness that they owed, but that the defense was only available to the mortgagor-borrower. 97 N.C. App. 575, 579, 389 S.E.2d 429, 433 (1990).

We have also held that, in a situation where a loan is extended to multiple co-borrowers but where only one of the co-borrowers actually owned the collateral securing the debt, only the borrower who had the ownership in the collateral could assert G.S. § 45-21.36. Specifically, in *Raleigh Federal v. Godwin*, the Court stated:

> The General Assembly's intention to limit the protection of the statute to those who hold a property interest in the mortgage property is clear; the protection of G.S. § 45-21.36 is not applicable to other parties who may be liable on the underlying debt. Defendants, as other parties liable on the underlying debt, but who hold no property interest in the mortgaged property, cannot assert the defense of G.S. § 45-21.36.

99 N.C. App. 761, 763, 394 S.E.2d 294, 295 (1990); *see also First Citizens v. Martin*, 44 N.C. App. 261, 261 S.E.2d 145 (1979) (stating that the General Assembly intended that, in a case involving multiple borrowers, only the borrower with an interest in the collateral could avail itself of G.S. § 45-21.36), *disc. rev. denied*, 299 N.C. 741, 267 S.E.2d 661 (1980). Taken together, these holdings from our Court discussed above suggest that the defense provided by G.S. § 45-21.36 is *personal* to the mortgagor-borrower.

---

liable, although the principal is liable neither to the obligee nor to the surety." *Id.* (citing *Davis v. Commissioners*, 72 N.C. 441 (1876); *Poindexter v. Davis*, 67 N.C. 112 (1872)).

Notwithstanding the holdings in these cases of our Court, I believe our Supreme Court's opinion in *Trust Co. v. Dunlop*, 214 N.C. 196, 198 S.E. 645 (1937) — a case which is not referenced in any of the decisions of this Court cited above — is controlling.

In *Dunlop*, a creditor made a loan to a borrower secured by borrower's real estate collateral and guaranteed by a guarantor.[2] *Id.* at 196, 198 S.E. at 645. The borrower defaulted. *Id.* at 197, 198 S.E. at 645. The creditor foreclosed on the collateral. *Id.* The successful bidder at foreclosure was not the creditor, but rather a subsidiary of the creditor. *Id.* The net proceeds, however, did not cover the amount owed on the underlying debt. *Id.* Accordingly, the creditor sued the executors of guarantor's estate for the deficiency under the guaranty; however, the borrower was not sued. *Id.*

In their answer, the executors of guarantor's estate pled, as a defense, the language in G.S. § 45-21.36, referred to in the opinion as "chapter 275 of the Public Laws of 1933[,]"[3] as a defense, alleging that the collateral "was reasonably and fairly worth the amount of the debt . . . and that its market value was in excess of such indebtedness; and that under [G.S. § 45-21.36] the debt of the plaintiff is fully satisfied and paid, and the estate of [the guarantor] was thereby fully released and discharged." *Id.* at 197, 198 S.E. at 645.

The creditor moved to strike the executors' defense, arguing that the pleading was irrelevant to the case because the defense under G.S. § 45-21.36 was only available to debtors " 'whose property has been so purchased (at foreclosure)' and that such special defense is unavailable to a guarantor of the debt." *Id.* at 198, 198 S.E. at 645.

The trial court denied the creditor's motion to strike the defense pled by the guarantor's executors. The creditor's immediately appealed.

Regarding motions to strike, our Supreme Court held that "an aggrieved party may have [an] irrelevant or redundant matter stricken from his opponent's pleading, especially when such matter is prejudicial to him[,]" stating that a motion to strike, timely made, was "a matter of

---

2. The guaranty agreement appears to be a "guaranty of payment," stating that "[t]he undersigned [guarantor] hereby guarantees the prompt payment of the within obligation, both principal and interest, as and when same becomes due according to its terms. . . . The undersigned further agrees to remain bound notwithstanding any extension of time which may be granted to the maker of the within obligation." *Dunlop*, 214 N.C. at 196, 198 S.E. at 645.

3. The language in the statute has been amended since it was originally enacted in 1933. However, the portions of the statute that are relevant to *Dunlop* and to the present case are substantially similar to the current text of G.S. § 45-21.36.

right and not addressed to the discretion of the court." *Patterson v. R.R.*, 214 N.C. 38, 42-43, 198 S.E. 364, 367 (1937); *see also Development Co. v. Bearden*, 227 N.C. 124, 127, 41 S.E.2d 85, 87 (1946) (holding that "[i]f the matter sought to be deleted is found to be [irrelevant], the court has no alternative but to strike it out").

In addressing the issue of the relevancy of the pleadings, the *Dunlop* Court, citing *Patterson*, stated that "[o]n a motion to strike out, the test of relevancy of a pleading is the right of the pleader to present the facts to which the allegation relates in the evidence upon the trial." *Dunlop*, 214 N.C. at 198, 198 S.E. at 646. That is, only those allegations "which, if established, will constitute a cause of action or a defense[,]" are relevant and will be sustained. *Williams v. Thompson*, 227 N.C. 166, 167, 41 S.E.2d 359, 360 (1947). In *Dunlop*, the allegations sought by the creditor to be struck – for example, allegations that the purchaser at the foreclosure was essentially the alter ego of the mortgagee and that the actual value of the real estate exceeded the amount of the debt – were only relevant to the case if the guarantor's defense based on G.S. § 45-21.36 could validly be pled as a defense by a guarantor in a deficiency suit, even where the mortgagor-borrower had not been sued. By affirming the trial court's ruling not to strike the defense, our Supreme Court concluded that the allegations were, indeed, relevant, based "upon the merits." *Dunlop*, 214 N.C. at 199, 198 S.E. at 646. In other words, the only basis by which the Supreme Court could have affirmed the trial court's ruling in this case was that the defense provided by G.S. § 45-21.36 raised by the guarantor's estate was relevant, and therefore valid:

> It is not, of course, for us to say whether [the executors of guarantor's estate] can make good the allegations of their further defense: We only say that at this stage of the case we do not deny their right to make it.

*Id.* at 199, 198 S.E. 646. If the defense was not available to a guarantor under the statute, the allegations would have been irrelevant to the resolution of the creditor's action against the guarantor; and I believe the Supreme Court would have been compelled to reverse the trial court's ruling, which would have prevented the parties from wasting time and resources at trial presenting evidence to prove irrelevant issues.

Our Supreme Court has not abrogated or overruled its 1937 holding in *Dunlop*. Accordingly, notwithstanding the prior holdings of our Court discussed above, I believe we are bound to follow that holding "until otherwise ordered by [our] Supreme Court[,]" *Andrews v. Haygood*, 188 N.C. App. 244, 248, 655 S.E.2d 440, 443 (2008).