NATHAN THOMAS SCOTT AND ALLEN HOLMES v. TOM SMITH

No. 744DC76

(Filed 15 May 1974)

1. Contracts § 27— terms of agreement — jury issue
     The differing contentions of the parties as to the terms of an agreement for partial payment of an amount owed for bulldozer work on defendant's property presented a valid issue for jury determination.

2. Appeal and Error § 49— exclusion of evidence — same testimony previously admitted
     Defendant was not prejudiced by the exclusion of testimony which was substantially the same as testimony previously given during direct examination and under cross-examination.

3. Evidence § 45— opinion testimony based on opinions of others
     In an action to recover for bulldozer work done on defendant's land, the trial court properly excluded defendant's opinion testimony as to the value of the work based on opinions gathered from "three 'dozer people."

APPEAL by defendant from *Crumpler, District Court Judge,* 7 August 1973 Session of District Court held in DUPLIN County. Argued in the Court of Appeals 16 April 1974.

The plaintiffs agreed with the defendant that plaintiffs would clear and disc defendant's land with two bulldozers at

the rate of $15.00 per hour, not to exceed $125.00 per acre. Work commenced in December, 1970, and continued into January, 1971, at which time plaintiffs ceased clearing operations due to weather conditions which left the land too wet for bulldozer work. Defendant was to advise plaintiffs when the job site became dry enough to permit plaintiffs to return to the job site and complete the task.

Plaintiffs approached defendant seeking payment for the work already completed, estimated at $1,087.50. Defendant agreed to pay the plaintiffs $900.00 of this amount until plaintiffs could return to finish the job. Defendant later refused to pay the $900.00, and plaintiffs sued to recover upon the agreement.

The matter was tried before a jury which returned a verdict in favor of the plaintiffs in the amount of $900.00. The trial court entered judgment accordingly, and defendant appealed to this Court.

*Douglas P. Connor for the plaintiff-appellees.*

*Donald P. Brock for the defendant-appellant.*

BROCK, Chief Judge.

[1] Defendant contends that the trial court erred in refusing to allow defendant's motion for a directed verdict at the close of plaintiffs' evidence and at the close of all of the evidence in that plaintiffs failed to prove substantial compliance with their part of the agreement. Defendant's contention is based upon the premise that this agreement is a whole contract, and that plaintiffs' failure to return to the job site to complete the work agreed upon is indicative of nonperformance and lack of readiness to perform.

Plaintiffs proceeded on the theory of a new agreement between the parties which provided for plaintiffs to receive $900.00 and the balance would be held back until defendant called the plaintiffs back to complete the job. The new agreement provided that $900.00 was to be paid to the plaintiffs for work already completed; the balance is payable only when defendant called the plaintiffs back to the site to complete the job.

The differing contentions of the parties presented a valid issue for jury determination. Clearly the jury adopted plaintiffs' view of the agreement.

[2]   Defendant contends the trial court committed error in not allowing testimony of the defendant which would have shown defendant was ready, able and willing to perform his part of the contract upon substantial performance by the plaintiffs. Defendant admits in his brief that the evidence " . . . corroborates and reenforces . . . earlier testimony." The testimony was substantially the same as testimony given during direct examination and under cross-examination. Defendant has failed to demonstrate how the exclusion of this testimony was prejudicial in the trial. This assignment of error is overruled.

[3]   Defendant also contends the trial court committed error in refusing to allow defendant's opinion testimony as to the cost of clearing the land following the work done by plaintiffs. Defendant contends the testimony would have shown the detrimental effect of plaintiffs' work rather than an improvement of the land as plaintiffs have alleged.

Defendant's opinion was based upon opinions gathered from "three 'dozer people." Defendant's testimony was to the effect that these three people viewed his property, and all three " . . . would rather go in ground that was already standing up, than to take over where they [plaintiffs] quit and cleared." Defendant had no independent opinion of the before and after value of the land. Defendant's relation of what "three 'dozer people" said was properly excluded.

Defendant argues that the trial court committed error in its charge to the jury. We have reviewed the court's instructions to the jury in its entirety, and find the charge fairly states the contentions of the parties and adequately applies the appropriate principles of law. We find no prejudicial error in the charge.

No error.

Judges PARKER and BALEY concur.