DIXIE CHEMICAL CORPORATION v. JIMMY EDWARDS

No. 833SC779

(Filed 5 June 1984)

**1. Accounts § 1— action on open account—summary judgment for plaintiff**

Summary judgment was properly entered in favor of plaintiff in an action to recover on an open account for chemical fertilizers sold and delivered to defendant where plaintiff offered a verified, itemized statement of defendant's account, the evidence showed that the only charges contested by defendant have been paid when a payment made by defendant is applied to the oldest items on the account, and defendant only presented an affidavit which restated the unsupported allegations in his answer to the complaint and in his answers to plaintiff's interrogatories.

**2. Rules of Civil Procedure § 56.4— affidavit insufficient to show genuine issue for trial**

Defendant's assertion in an affidavit that he will produce chemical experts at trial to support his contentions is not a specific forecast of evidence sufficient to show that there is a genuine issue for trial. G.S. 1A, Rule 56(e).

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 17 March 1983 in Superior Court, CRAVEN County. Heard in the Court of Appeals 2 May 1984.

*Stith and Stith by Robert S. Ryan for plaintiff appellee.*

*Bruce H. Robinson, Jr., for defendant appellant.*

BRASWELL, Judge.

[1] The plaintiff sold and delivered chemical fertilizers to the defendant and performed services for him in connection with these fertilizer sales. The plaintiff maintained a running account for the defendant, and as of 25 September 1981, after making a

$7,000.00 payment on his account, the defendant owed the plaintiff $5,679.83. Since that time the defendant has received goods and services in the amount of $718.41. The plaintiff brought this action on an open account to recover the total amount owed of $6,398.24, plus interest as provided by law. *See Electric Service, Inc. v. Sherrod*, 293 N.C. 498, 238 S.E. 2d 607 (1977). The defendant in his answer has denied owing this sum. Upon the plaintiff's motion, the trial court granted summary judgment in favor of the plaintiff. The defendant asserts on appeal that this ruling was in error. We disagree and affirm.

The issue to be decided on appeal is whether the trial court properly granted the plaintiff's motion for summary judgment. G.S. 1A-1, Rule 56(c), states that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The moving party has the burden of showing that no material issues of fact exist, such as by demonstrating through discovery that the opposing party cannot produce evidence to support an essential element of his claim or defense. *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E. 2d 363, 366 (1982). In rebuttal, the nonmovant must then set forth specific facts showing that genuine issues of fact remain for trial. *Id.*

In support of its motion, the plaintiff offered a verified, itemized statement of the defendant's account. G.S. 8-45 provides that "[i]n any actions instituted in any court of this State upon an account for goods sold and delivered . . . for services rendered, or labor performed . . . a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness." This statute was designed to facilitate the collection of accounts about which there is no bona fide dispute. *Electric Corp. v. Shell*, 31 N.C. App. 717, 230 S.E. 2d 576 (1976). The defendant's account was verified by the plaintiff's treasurer, L. Edward Cooper, Jr., who averred that he was familiar with the plaintiff's books and records and with the defendant's account and could testify as to their correctness. *See Service Co. v. Curry*, 29 N.C. App. 166, 223 S.E. 2d 565 (1976).

Although the defendant in his answer denies owing the plaintiff $6,398.24, he admits in his answers to the plaintiff's inter-

rogatories that the bill submitted as Exhibit "A" [the verified account statement] is "a correct statement" of the items received by the defendant with the exception of goods and services charged to the defendant's account on 30 June 1980. However, the defendant on 25 September 1981 paid $7,000 on his owed balance of $12,679.83 which was sufficient to cover charges made as of 21 May 1981. The remaining balance of $5,679.83 plus new charges after the 25 September 1981 payment of $718.41 make up the $6,398.24 total sued for by the plaintiff. Applying this $7,000 payment to the oldest items on the account which a creditor may do when the debtor at the time of payment fails to direct its application to any particular charge, the only charges contested by the defendant have been paid. *Lowery v. Wilson*, 214 N.C. 800, 200 S.E. 861 (1939). It is also interesting to note that although the defendant claims he did not receive the 30 June 1980 goods and services, he did not make this claim known until after this suit was filed 21 May 1982. In any event, the plaintiff also offered the affidavit of Radford Swindell who stated he mixed the ordered agricultural chemicals that the defendant now denies receiving, and the affidavit of Stanley Sawyer who confirms that these chemicals were applied to the lands specified by the defendant. We hold the plaintiff has met his burden in demonstrating that the defendant owes the stated amount and that no other genuine issue of fact exists for trial.

[2]    The defendant now has the burden of showing that some material issue of fact does remain. G.S. 1A-1, Rule 56(e) precludes any party from prevailing against a motion for summary judgment through reliance on allegations unsupported by facts. *Nasco Equipment Co. v. Mason*, 291 N.C. 145, 152, 229 S.E. 2d 278, 283 (1976). In his answer, the defendant denies owing the plaintiff for the goods and services provided and counterclaims, among other things, for damages in excess of $15,000 for permanent injury caused by the plaintiff's negligent mixture and application of chemicals to the defendant's lands. However, on 1 September 1982, the defendant filed a voluntary dismissal of his counterclaim against the plaintiff pursuant to G.S. 1A-1, Rule 41(a)(1)(i). In his answers to the plaintiff's interrogatories, the defendant states flatly his defense to this suit: "I do not owe the plaintiff any money because the plaintiff caused permanent injury to my property by negligently and willfully . . . mixing chemicals together

which destroyed and caused permanent injury to my property."
Yet, the defendant fails to provide any specific facts to substan-
tiate this allegation. The only evidence offered in opposition to
the plaintiff's motion for summary judgment is the defendant's
own affidavit in which he states:

> I have denied the essential allegations of the Complaint
> in the Answer . . . and I incorporate those denials into this
> Affidavit and again deny them. I also answered Interrogato-
> ries . . . and in my answers to Interrogatories, I explained
> that I did not receive all of the items that are listed on the
> open account and that I, therefore, deny that I owe for those
> items and incorporate my answers filed . . . into this Af-
> fidavit . . . . I also re-assert my defense in this Affidavit that
> I do not owe for items that I did receive because those items
> destroyed my crop . . . .

> I do not yet have expert witnesses but will present ex-
> pert witnesses at the trial . . . to show that the chemicals
> . . . furnished . . . were responsible for destroying my crop
> . . . .

We hold that this affidavit alone is insufficient to withstand the
plaintiff's motion for summary judgment. The affidavit only
restates the unsupported allegations previously made by the
defendant in his answer and in his answers to plaintiff's inter-
rogatories. G.S. 1A-1, Rule 56(e) provides that "an adverse party
may not rest upon the mere allegations or denials of his pleading,
but . . . must set forth specific facts showing that there is a gen-
uine issue for trial." A motion for summary judgment allows one
party to force his opponent to produce a forecast of evidence
which he has available for presentation at trial to support his
claim or defense. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379
(1975). The defendant's assertion that he will produce chemical ex-
perts at trial is not a specific forecast as required by the rule.
Because the defendant failed to offer evidence to rebut the plain-
tiff's showing that no genuine issue of fact existed for trial, we
hold the trial court properly entered summary judgment for the
plaintiff.

Affirmed.

Chief Judge VAUGHN and Judge EAGLES concur.