LEXINGTON STATE BANK, Plaintiff v. PEGGY ELLINGTON MILLER, Individually, and PEGGY E. MILLER, Executrix of Estate of Larry Eugene Miller, Sr., MILLER DODGE, INC. (formerly Welborn Motors, Inc.), and J. BROOKS REITZEL, JR., Defendants

No. COA99-739

(Filed 2 May 2000)

**1. Civil Procedure— summary judgment—affidavit—notarized by party's attorney—repealed statute**

The trial court erred in a case involving foreclosure of loans secured by a deed of trust on real property by refusing to consider an affidavit submitted by defendant Peggy Miller for purposes of summary judgment, based on the erroneous conclusion that it was inadmissible under N.C.G.S. § 47-8 since it was notarized by her attorney, because that statute was repealed by our legislature in 1991, long before this action was commenced, thereby eliminating any proscription against attorneys serving as notaries for their clients' affidavits.

**2. Civil Procedure— summary judgment—affidavit—admission**

Although defendant Peggy Miller's affidavit was not filed with defendants' 1999 motion for summary judgment in a case involving foreclosure of loans secured by a deed of trust on real property, the trial court erred in failing to consider the affidavit because: (1) defendants did submit the affidavit in response to plaintiff's earlier 1998 motion for summary judgment, which was denied, and N.C.G.S. § 1A-1, Rule 6(d) does not require a party to resubmit affidavits that have already been filed in support of or in response to an earlier motion for summary judgment merely because another motion for summary judgment has subsequently been filed; and (2) plaintiff cannot contest the admission of the affidavit on appeal since the record contains no objection by plaintiff nor a motion to strike the affidavit.

**3. Mortgages— deed of trust—summary judgment—affidavit—amount owed on loans—no specific facts provided**

Although the trial court erred in a case involving foreclosure of loans secured by a deed of trust on real property by failing to consider defendant Peggy Miller's affidavit for purposes of summary judgment, the affidavit is insufficient to create an issue of fact regarding the amount owed on the loans because no specific

facts are provided as to the dates of any uncredited payments, their amounts, or any other relevant information.

**4. Mortgages— deed of trust—summary judgment—affidavit—release of collateral—no reduction in obligation**

Although the trial court erred in a case involving foreclosure of loans secured by a deed of trust on real property by failing to consider defendant Peggy Miller's affidavit for purposes of summary judgment, the affidavit is insufficient to create an issue of fact regarding an alleged reduction in the amount of defendants' obligation because even if a release of some of the collateral did occur, it does not release the debtor's underlying obligation itself.

**5. Mortgages— deed of trust—summary judgment—affidavit—foreclosure sale—less than fair market value—no specific facts provided**

Although the trial court erred in a case involving foreclosure of loans secured by a deed of trust on real property by failing to consider defendant Peggy Miller's affidavit for purposes of summary judgment, the affidavit is insufficient to create an issue of fact regarding the allegation that plaintiff intentionally paid less than fair market value for all the property at the foreclosure sale because no specific facts are provided as to the various properties' fair values or other relevant information.

**6. Mortgages— deed of trust—summary judgment—affidavit—refinancing of loan—no specific facts provided**

Although the trial court erred in a case involving foreclosure of loans secured by a deed of trust on real property by failing to consider defendant Peggy Miller's affidavit for purposes of summary judgment, the affidavit is insufficient to create an issue of fact regarding defendants' claim that plaintiff represented to defendants that the loans would be refinanced because no specific facts are provided for this unsubstantiated conclusion.

**7. Mortgages— deed of trust—summary judgment—affidavit—delivery date of foreclosure deeds—genuine issue of fact**

The trial court erred in a case involving the deficiency after foreclosure of loans secured by a deed of trust on real property by failing to consider defendant Peggy Miller's affidavit for purposes of summary judgment, and the case is remanded on the issue of the delivery date of the foreclosure deeds to determine

whether the action is barred under N.C.G.S. § 1-54(6), because: (1) copies of the foreclosure deeds are not contained in the record, so the only evidence with respect to delivery of these deeds is provided by the parties' respective affidavits; (2) defendant's affidavit sets forth more than mere allegations and provides specific facts, namely the exact dates of delivery showing the action was filed too late, which is sufficient to create an issue of fact; and (3) it is not for the Court of Appeals to question how defendant might know when the foreclosure deeds were delivered to the purchaser, since it is enough that she stated under oath that she did know and that such delivery occurred on 8 July and 15 July 1996.

### 8. Mortgages— deed of trust—summary judgment—affidavit—unfair trade practices—no specific facts provided

Although the trial court erred in a case involving foreclosure of loans secured by a deed of trust on real property by failing to consider defendant Peggy Miller's affidavit for purposes of summary judgment, the affidavit is insufficient to create an issue of fact regarding defendants' claim for unfair trade practices because the affidavit merely asserts conclusions with respect to fraudulent behavior by plaintiff, and no specific facts are alleged.

Appeal by defendants from order entered 18 March 1999 by Judge Melzer A. Morgan, Jr. in Montgomery County Superior Court. Heard in the Court of Appeals 29 March 2000.

*Brinkley Walser, PLLC, by Charles H. McGirt, for plaintiff-appellee.*

*Metcalf & Beal, L.L.P., by W. Eugene Metcalf, for defendant-appellants Peggy E. Miller, individually and as executrix, and Miller Dodge, Inc.*

*No brief filed for defendant-appellant J. Brooks Reitzel, Jr.*

LEWIS, Judge.

On 25 July 1994, defendant Peggy Miller and her husband Larry, now deceased, borrowed $158,000 from plaintiff ("the personal loan"). This loan was secured by a deed of trust on certain real property owned by the Millers. On 23 September 1994, the Millers, as owners of defendant Miller Dodge, Inc., obtained a company loan in the

**LEXINGTON STATE BANK v. MILLER**

[137 N.C. App. 748 (2000)]

amount of $84,781.64 ("the company loan"). This loan was secured by three pieces of collateral: (1) a deed of trust on certain real property owned by the company; (2) all the company's equipment, inventory, and tools; and (3) assignment of a $100,000 life insurance policy for Larry Miller.

The Millers and Miller Dodge eventually defaulted on each loan. After plaintiff foreclosed on part of the collateral, it instituted the instant action to collect the deficiency on each loan. Plaintiff moved for summary judgment, which was denied on 18 February 1998. Summary judgment motions were made nearly a year later by both parties. The trial court this time entered summary judgment in favor of plaintiff on each loan. With respect to the personal loan, the trial court ordered defendants to pay the $75,024.38 balance plus $15,958.47 in interest. It also awarded $12,179.54 in attorney's fees, a figure representing fifteen percent of the outstanding debt. With respect to the company loan, the trial court ordered defendants to pay the $33,448.80 balance plus $6897.98 in interest. It further awarded $5417.61 in attorney's fees, representing fifteen percent of that debt. From this order, defendants appeal.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). This rule requires a court to engage in a shifting burden analysis. The party moving for summary judgment must first meets its burden of demonstrating that no issues of fact exist. *Dixie Chemical Corp. v. Edwards*, 68 N.C. App. 714, 715, 315 S.E.2d 747, 749 (1984). Plaintiff's pleadings here included the two loan agreements and security agreements. The affidavits plaintiff produced then listed the outstanding balance on each loan, offset by the moneys it received from the various foreclosure sales. We conclude this was sufficient to meet plaintiff's threshold burden as to its own motion for summary judgment.

[1] The burden then shifted to the non-movant defendants to show that genuine issues of fact did indeed exist. *Dixie Chemical*, 68 N.C. App. at 716, 315 S.E.2d at 750. Specifically, in order to defeat plaintiff's motion, defendants had to come forward with *specific facts*, as opposed to mere allegations, revealing those genuine issues. *Id.* The only documentation defendants submitted here to meet its burden was an affidavit by defendant Peggy Miller. The trial court refused to

consider this affidavit for purposes of summary judgment, concluding that it was inadmissible under N.C. Gen. Stat. § 47-8 because it was notarized by her attorney. However, section 47-8 was repealed by our Legislature in 1991, long before this action was commenced, thereby eliminating any proscription against attorneys serving as notaries for their clients' affidavits. Accordingly, the trial court erroneously relied on a repealed statute in refusing to consider Mrs. Miller's affidavit.

**[2]** Plaintiff nonetheless contends that the affidavit still should not have been considered by the trial court because it was not filed with defendants' motion for summary judgment. We disagree. N.C.R. Civ. P. 6(d) provides: "When a motion is supported by affidavit, the affidavit shall be served with the motion." Although defendants did not submit the affidavit by Mrs. Miller with its 1999 motion for summary judgment, they did submit it in response to plaintiff's earlier 1998 motion for summary judgment, which was denied. We feel it would be a strained reading of Rule 6(d) to require a party to resubmit affidavits that have already been filed in support of, or in response to, an earlier motion for summary judgment merely because another motion for summary judgment has subsequently been filed. Additionally, we note that the record contains no objection by plaintiff nor a motion to strike the affidavit. Absent such an objection or motion to strike, plaintiff cannot now contest the admission of Mrs. Miller's affidavit on appeal. *Lindsey v. N.C. Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 432, 437, 405 S.E.2d 803, 806 (1991). Accordingly, for purposes of our review, we will consider the affidavit in determining whether defendants met their burden of showing that issues of fact exist.

**[3]** Defendants contend the affidavit raises six genuine issues of fact and/or defenses. First, they contend that an issue of fact exists as to the outstanding balance on the respective loans. Specifically, the affidavit states:

> We strongly contest the amount which Lexington State Bank seeks to recover in this lawsuit. There were payments made toward these loans prior to my husband's death which have not been accounted for or credited by Lexington State Bank.

(Miller Aff. ¶ 3).

As previously stated, to defeat summary judgment, the non-movant must set forth specific facts; he cannot simply rely on the

same allegations he made in his complaint or answer. *Dixie Chemical,* 68 N.C. App. at 716, 315 S.E.2d at 750. This is because the purpose of summary judgment is to "allow[] one party to force his opponent to produce a forecast of evidence which he has available for presentation at trial to support his claim or defense." *Id.* at 717, 315 S.E.2d at 750; *see also Singleton v. Stewart,* 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972) ("The use of [affidavits and other documentary materials] makes it clear that the real purpose of summary judgment is to go beyond or to pierce the pleadings and determine whether there is a genuine issue of material fact."). Here, the affidavit contains only general allegations and conclusions on the part of the affiant. No specific facts are provided as to the dates of any uncredited payments, their amounts, or any other relevant information. Accordingly, we conclude that Mrs. Miller's affidavit is insufficient to create an issue of fact as to the amount owed on the loans.

**[4]** Defendants also assert that some of the collateral securing the debt was released by plaintiff, thereby reducing the amount of defendants' obligation. Even if such a release did occur, defendants are confusing secured transactions law and suretyship law as to the effect of the release. In suretyship law, the release of collateral extinguishes the *surety's* obligation in the amount of the collateral. *Mfg. Co. v. Holladay,* 178 N.C. 417, 421, 100 S.E. 597, 598 (1919); 74 Am. Jur. 2d *Suretyship* § 86 (1974). There is no such similar provision with respect to the *debtor's* underlying obligation itself. *Cf. West Branch State Bank v. Gates,* 477 N.W.2d 848, 851 (Iowa 1991) ("Since the creditor has a right to choose which collateral to foreclose upon, we think that the creditor also has the right to release specific collateral without having its value credited or set off against the underlying debt.").

**[5]** Next, defendants argue that plaintiff intentionally paid less than fair market value for all the property at the foreclosure sales. Specifically, the affidavit states:

The real property in Davidson County and Montgomery County which was foreclosed on and purchased by Lexington State Bank had a fair market value and was worth substantially more than the amount which was bid and paid by Lexington State Bank. Lexington State Bank intentionally purchased the real property at a price below its fair market value.

(Miller Aff. ¶ 10). Again, defendants have set forth no specific facts with respect to the various properties' fair values or other relevant

information. Their unsupported allegations are insufficient to create an issue of fact as to this point.

[6] Defendants also contend that plaintiff represented to them that their loans would be refinanced. In this regard, the affidavit states:

> Lexington State Bank informed and advised us on numerous occasions that they would extend and refinance these loans. We relied on these representations by Lexington State Bank and were working towards refinancing and restructuring these loans in such a manner that they could be paid. . . . Lexington State Bank made intentional misrepresentations which they knew would be relied on.

(Miller Aff. ¶ 12). Once again, these are nothing more than unsubstantiated conclusions on the part of the affiant. Defendants have not set forth any specific facts as to when such representations were made, by whom they were made, or otherwise.

[7] Next, defendants argue plaintiff's cause of action is barred by the statute of limitations for deficiency actions, which requires all such actions to be commenced within one year from "the date of the delivery of the deed pursuant to the foreclosure sale." N.C. Gen. Stat. § 1-54(6) (1999). Plaintiff filed this action on 18 July 1997. Curiously, copies of the foreclosure deeds are not contained in the record, so the only evidence before us with respect to the delivery of these deeds is provided by the parties' respective affidavits. In its affidavits, plaintiff states the foreclosure deeds were delivered on 24 July and 31 July 1996, which would mean the action was timely filed. In defendants' affidavit, Mrs. Miller counters the deeds were delivered on 8 July and 15 July 1996, such that the action was filed too late. This time, the affidavit of Mrs. Miller sets forth more than mere allegations; it provides specific facts, namely the exact dates of delivery. We conclude that this is sufficient to create an issue of fact with respect to the delivery date of the foreclosure deeds.

Plaintiff correctly points out that all affidavits must be based upon the affiant's own personal knowledge. N.C.R. Civ. P. 56(e). Plaintiff then argues that Mrs. Miller's statement as to the dates of delivery cannot be considered because she could not possibly have any knowledge of when the deeds were delivered to the purchaser. In essence, plaintiff is advancing a circular argument: Mrs. Miller's affidavit cannot be based upon personal knowledge because there is no way for her to know this information. But it is not for us to question

how Mrs. Miller might know when the foreclosure deeds were delivered to the purchaser. It is enough that she stated under oath that she did know and that such delivery occurred on 8 July and 15 July 1996.

[8] Finally, defendants argue that the affidavit of Mrs. Miller alleges sufficient facts to defeat summary judgment with respect to their counterclaim for unfair trade practices. For the same reasons as previously articulated, we reject this argument. The affidavit merely asserts conclusions with respect to alleged fraudulent behavior by plaintiff; no specific facts are alleged.

In sum, we remand this matter solely on the issue of the date the foreclosure deeds were delivered. If by additional discovery it can be ascertained when delivery was accomplished, the matter may be resolved by motion before the trial court. If not, a jury must decide.

Affirmed in part, vacated in part and remanded.

Judges MARTIN and WALKER concur.