An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-780

NORTH CAROLINA COURT OF APPEALS

Filed:  7 January 2014

CITIBANK, SOUTH DAKOTA, N.A.,
     Plaintiff

v.                                    Wayne County
                                      No. 09 CVD 1731

RALPH H. GABLE,
     Defendant

Appeal by defendant from order entered 21 March 2013 by Judge R. Les Turner in Wayne County District Court.  Heard in the Court of Appeals 20 November 2013.

> *Bernhardt & Strawser, P.A., by Harrison A. Lord, Tonya L. Urps, and Charles C. Euripides, for plaintiff-appellee.*
>
> *Robert E. Fuller, Jr., for defendant-appellant.*

CALABRIA, Judge.

Ralph H. Gable ("defendant") appeals from an order granting summary judgment in favor of Citibank, South Dakota, N.A. ("Citibank").  We affirm.

Defendant applied for and received an AT&T branded credit card through Universal Bank, N.A. ("Universal Bank").  On 2 January 2002, Universal Bank merged with Citibank, and Citibank

became the owner of all right, title, and interest in Universal Bank's accounts, including defendant's credit card account. Citicorp Credit Service, Inc. (USA) ("CCSI") and Citibank are both wholly owned subsidiaries of Citigroup, Inc., and CCSI is the custodian of records for all Citibank credit card accounts. Citibank mailed defendant periodic statements of his account, and defendant remained current on his account until 15 October 2008, the date of defendant's last credit card payment.

On 7 May 2009, Citibank's attorney sent defendant a letter regarding the debt and demanding payment. Defendant responded in a letter dated 5 June 2009, disputing "the validity of the numbers of the alleged debt," alleging corporate mismanagement, and demanding "a copy of any and all agreements and contracts which [defendant] has executed with Citigroup/Citibank."

Citibank filed a complaint against defendant on 24 June 2009 in Wayne County District Court, alleging that defendant was liable for charges to his credit card in the amount of $23,049.80 and attorney fees. Defendant filed an answer on 26 August 2009, requesting that the trial court award Citibank "whatever amount it can prove itself to be entitled to recover." Citibank moved for summary judgment on 24 November 2009 on the grounds that there were no genuine issues of material fact and

supported its motion for summary judgment with an affidavit from Jennifer Shepherd ("Shepherd"), a CCSI employee. Shepherd had been appointed as the custodian of defendant's account records for the purpose of making the affidavit. After a hearing, the trial court granted summary judgment in favor of Citibank, and ordered defendant to pay $23,049.80 plus interest and attorney fees. Defendant appeals.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

Defendant argues that the trial court erred in granting summary judgment in favor of Citibank because there were genuine issues of material fact as to the identity of the creditor. Defendant further contends there was a lack of documentation of the account and the basis for the account. We disagree.

In a motion for summary judgment, the moving party must first meet its burden of demonstrating that no genuine issues of material fact exist. *Lexington State Bank v. Miller*, 137 N.C.

App. 748, 751, 529 S.E.2d 454, 455-56 (2000) (citation omitted). Once the moving party has met its burden, the nonmoving party may not rely upon the pleadings but must "set forth specific facts showing a genuine issue of fact for the jury; otherwise, summary judgment, if appropriate, shall be entered against the nonmoving party." *Harris v. Stewart*, 193 N.C. App. 142, 146, 666 S.E.2d 804, 806 (2008) (citations omitted).

In the instant case, Citibank supported their motion for summary judgment with Shepherd's sworn affidavit, which included evidence of the debt. In addition, according to the affidavit, defendant was the cardholder associated with the account and Citibank became the owner of all right, title, and interest in defendant's account after Universal Bank merged with Citibank. Citibank occasionally modified the credit card agreement as provided by the original agreement. Defendant was notified and given an opportunity to reject any modifications prior to the effective date by cancelling the account. Defendant's last payment on the account was posted on 15 October 2008, and he was in default on the account as of the date of Citibank's motion.

Citibank attached two exhibits to Shepherd's affidavit: a copy of the most current credit card agreement and a series of credit card statements attributed to defendant's account between

17 November 2005 and 19 August 2009. The credit card agreement attached to Shepherd's affidavit specifically indicates that Citibank issued the account, and the agreement was signed by a Citibank officer. The agreement also bears a copyright attributed to Citibank. Each credit card statement from the 19 February 2007 statement forward notes that AT&T and the AT&T logo are trademarks licensed to Citigroup, Inc., and the statements from 19 February 2007 through 19 December 2008 all bear the "Citi" logo.

By contrast, defendant opposed Citibank's motion with his own affidavit consisting of general allegations largely echoing his answer to Citibank's complaint. In his affidavit, defendant admitted to having an AT&T Universal Rewards Card, but claimed that Citibank had not produced any evidence to show his legal responsibility for the debt and that neither Citibank nor its attorneys had acted in good faith. Nevertheless, Citibank's affidavit and supporting materials provide substantial evidence regarding the validity of the debt and establishing defendant as debtor and Citibank as creditor, while defendant's affidavit fails to set forth specific facts showing a genuine issue of material fact for a jury. *Harris*, 193 N.C. App. at 146, 666 S.E.2d at 806.

Defendant also argues on appeal that Citibank is in violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. 1692g, and is therefore prohibited from bringing any action until it complies with the demand of his 5 June 2009 letter to forward "all agreements and contracts" he had executed with Citibank.  We disagree.

The Fair Debt Collection Practices Act ("the Act") applies largely to debt collectors, defined as a person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. 1692a(6).  A creditor under the Act is "any person who offers or extends credit creating a debt or to whom a debt is owed[.]"  15 U.S.C. 1692a(4).  The language of the relevant portion of the Act applies specifically to debt collectors:

> If the consumer notifies the *debt collector* in writing within the thirty-day period . . . the *debt collector* shall cease collection of the debt . . . until the *debt collector* obtains verification of the debt . . . or the name and address of the original creditor, and a copy . . . is mailed to the consumer by the *debt collector*.

15 U.S.C. 1692g(b) (emphasis added).  While the record indicates that defendant did make a request for "any and all agreements and contracts" he had executed with Citibank, it also indicates that Citibank had taken ownership of all right, title, and

interest in defendant's account. In demanding payment on the account, Citibank was not attempting to collect a debt owed to another entity, but instead was attempting to collect a debt defendant owed to Citibank. Under the circumstances, Citibank qualified as a *creditor* under the Act as the entity that extended credit to defendant under the credit card agreement. 15 U.S.C. 1692a(4). As such, the Act is inapplicable here, and this argument has no merit.

Citibank presented an abundance of evidence through their affidavit and exhibits that defendant was the credit card holder for the account at issue. In addition, Citibank presented evidence indicating that it was the creditor for the debt. Citibank fulfilled its burden of establishing that no genuine issue of material fact existed by presenting substantial documentation of defendant's liability for the account. Defendant failed to present specific facts sufficient to overcome the motion for summary judgment and erroneously contends that Citibank is in violation of the Fair Debt Collection Practices Act. 15 U.S.C. 1692g(b). We hold that the trial court properly granted summary judgment in favor of Citibank, and we affirm.

Affirmed.

Judges HUNTER, Robert C. and HUNTER, JR., Robert N. concur.

Report per Rule 30(e).