DILLON, Judge.
*245 Thomas L. Wolfe and Barbara L. Wolfe ("Defendants") appeal from the trial court's order granting summary judgment in favor of United Community Bank (Georgia) (the "Bank"). For the following reasons, we reverse and remand.
I. Background
In 2008, the Bank loaned Defendants $350,000.00 to purchase certain real property and secured the loan with a deed of trust on said property.
*246 Sometime later, Defendants defaulted on the loan. The Bank foreclosed on the deed of trust, and the foreclosure sale was held in August of 2013. The Bank submitted the high bid of $275,000.00 at the foreclosure sale and, as a result, was subsequently deeded the property. The net proceeds realized from the foreclosure sale ($275,000.00 minus expenses) were not adequate to satisfy the amount outstanding on the note (over $325,000.00), resulting in a deficiency of over $50,000.00.
In November of 2013, the Bank brought this action for the deficiency, and for attorneys' fees, costs, and interest. The Bank moved for summary judgment, which was allowed by the trial court following a hearing on the matter. Specifically, the trial court awarded $57,737.74 representing the deficiency, interest from the date of the judgment, attorneys' fees in the amount of $8,660.66, and the costs of the action. Defendants entered notice of appeal.
*679 II. Analysis
This action involves the application of N.C. Gen.Stat. § 45-21.36, which provides certain obligors a defense or offset brought by their lender to recover the deficiency following a foreclosure sale. Typically, following a foreclosure sale, the amount of the debt is deemed reduced by the amount of the net proceeds realized from said sale, see N.C. Gen.Stat. § 45-21.31(a)(4) (2013), and the obligors are then only liable for the remaining debt, i.e., the deficiency. However, this general rule is abrogated by N.C. Gen.Stat. § 45-21.36 in situations where it is the foreclosing creditor (which in this case is the Bank), and not some third party, who is the high bidder at the foreclosure sale. Branch Banking and Trust Co. v. Smith, ---N.C.App. ----, ----, 769 S.E.2d 638, 640 (2015). Specifically, N.C. Gen.Stat. § 45-21.36 provides two alternate forms of defensive relief in deficiency actions brought by the lender who was also the high bidder at foreclosure whereby the liability of certain obligors for the deficiency may be eliminated or reduced: First, the liability of certain obligors for the deficiency may be eliminated entirely where it is shown "that the collateral was [actually] fairly worth the amount of the entire debt[,]" notwithstanding that the creditor's successful bid at foreclosure was less. Id. Second (and alternatively), though the value of the collateral may not have been as high as the amount of the debt owed, the liability of certain obligors for the deficiency may still be reduced "by way of offset" where it is shown that the creditor's winning foreclosure bid was "substantially less" than the collateral's true value.[1] Id.
*247 In the present case, the trial court granted summary judgment for the Bank, effectively concluding that Defendants failed to meet their burden of demonstrating the existence of a material fact as to their defense under N.C. Gen.Stat. § 45-21.36. Defendants argue on appeal that they did meet their burden; and, therefore, summary judgment was inappropriate. We agree.
We review a trial court's order granting summary judgment de novo. Dallaire v. Bank of America, N.A., 367 N.C. 363, 367, 760 S.E.2d 263, 266 (2014).
Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen.Stat. § 1A-1, Rule 56(c) (2014) (emphasis added).
Where a debtor asserts the statutory defense under N.C. Gen.Stat. § 45-21.36 by contending either that the property was worth the amount of the outstanding debt or the amount of the Bank's bid was "substantially less" than the property's true value, the collateral's true value is generally a material fact. See Raleigh Fed. Sav. Bank v. Godwin, 99 N.C.App. 761, 763, 394 S.E.2d 294, 296 (1990) ; N.C. Gen. § 4521.36 (2013).
The debtor bears the burden at summary judgment to forecast evidence to show that there is a genuine issue regarding this material fact. See Lexington State Bank v. Miller, 137 N.C.App. 748, 751-52, 529 S.E.2d 454, 455-56 (2000).
Our Supreme Court has held that an issue is genuine where it "is one that can be maintained by substantial evidence[,]" Dobson v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000), and has defined "substantial evidence" as "relevant evidence which a reasonable mind ... could accept as adequate to support a conclusion[,]" In re Gordon, 352 N.C. 349, 352, 531 S.E.2d 795, 797 (2000). Where Defendants rely on an affidavit to *248 satisfy this burden, Rule 56 of our Rules of *680 Civil Procedure requires that the affidavit "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." N.C. Gen.Stat. § 1A-1, Rule 56(e) (2014).
In the present case, Defendants relied on their own joint affidavit, stating that it was "made on [Defendants'] personal knowledge" and that Defendants "verily believe[ ] that the [property] was at the time of the [foreclosure] sale fairly worth the amount of the debt it secured." Based on holdings of our Supreme Court, we are compelled to conclude that Defendants, through their affidavit, met their burden of demonstrating a genuine issue of fact that their property was "fairly worth" the amount of their debt.
Specifically, where the value of real property is a factual issue in a case, our Supreme Court has repeatedly held that the owner's opinion of value is competent to prove the property's value. See, e.g., Dep't of Transp. v. M.M. Fowler, Inc., 361 N.C. 1, 6, 637 S.E.2d 885, 890 (2006) (recognizing that "[i]n most instances, landowners seek to prove fair market value through the testimony of the owners themselves and that of appraisers offered as expert witnesses"). Furthermore, while the proponent of opinion evidence generally has the burden of laying a foundation as to the basis of the opinion being offered, our Supreme Court has repeatedly held that the owner of real estate is presumed to be competent to give his opinion as to its value, expressly rejecting that "the owner, just as any other witness, must establish his qualifications before expressing his opinion of [ ] value [.]" North Carolina State Highway Comm'n v. Helderman, 285 N.C. 645, 652, 207 S.E.2d 720, 725 (1974) (holding that the owner "is deemed ... to have a reasonably good idea of what [his property] is worth"). As Justice (later Chief Justice) Susie Sharp explained in Helderman:
Unless it affirmatively appears that the owner does not know the market value of his property, it is generally held that he is competent to testify as to its value even though his knowledge on the subject would not qualify him as a witness were he not the owner.... The weight of his testimony is for the jury[.]
Id. See also Harrelson v. Gooden, 229 N.C. 654, 656-57, 50 S.E.2d 901, 903 (1948) ; Kenney v. Medlin Const. & Realty Co., 68 N.C.App. 339, 341-42, 315 S.E.2d 311, 313 (1984) ; Christopher Phelps & Assoc., LLC v. Galloway, 492 F.3d 532, 542 (4th Cir.2007) (recognizing that "[c]ourts *249 indulge a common-law presumption that a property owner is competent to testify on the value of his own property").[2]
In the present case, we are required to regard Defendants' affidavit indulgently. Creech v. Melnik, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998) (directing that "the evidence forecast by the party against whom summary judgment is contemplated is to be indulgently regarded, while that of the party to benefit from summary judgment must be carefully scrutinized"). Based on a fair reading of Defendants' affidavit, there was evidence at summary judgment that Defendants had personal knowledge as to the amount they owed on their loan at the time of the foreclosure sale (an amount which was not in dispute) and that based on their personal knowledge about their property, it was their opinion that the property was worth the amount they owed on the loan. There is nothing in their affidavit or otherwise which affirmatively shows that Defendants did not know the market value of their property. Therefore, we must conclude that Defendants' opinion that their property was worth the amount of the debt is substantial evidence from which a jury could conclude that Defendants' property, indeed, was worth the amount that was owed, a finding which would eliminate Defendants' liability for the deficiency pursuant to N.C. Gen.Stat. § 45-21.36. Accordingly, Defendants have met their burden of creating a genuine issue of fact that their property was "fairly worth the amount of the debt[,]" and summary judgment was improper. See United Carolina Bank v.
*681 Tucker, 99 N.C.App. 95, 101, 392 S.E.2d 410, 413 (1990) (reversing summary judgment for the lender, holding that the debtor had created a genuine issue of fact regarding his defense under N.C. Gen.Stat. § 45-21.36 by producing a single affidavit from a competent witness stating his opinion as to the value of the property, which was more than the amount of the debt).
The Bank cites Lexington State Bank, supra, in support of its position that summary judgment was proper in this case. However, Lexington State Bank is distinguishable from the present case. In Lexington State Bank, we held that the debtor claiming that there is a genuine issue of fact that the amount bid by the lender at foreclosure was "substantially less" than the true value of the property fails to meet his burden at summary judgment where the affidavit he relies upon merely states that the property was worth "substantially more" than the amount paid by the lender at foreclosure. 137 N.C.App. at 753-54, 529 S.E.2d at 457.
*250 Specifically, we held that the affidavit failed to "set forth [any] specific facts with respect to [the property's value.]" Id. at 753, 529 S.E.2d at 457 (emphasis added).
However, unlike in Lexington State Bank, Defendants here are not contending that the property was worth "substantially more" than the amount bid by the Bank, but rather that the property was worth a specific amount, the amount of their debt. Further, unlike in Lexington State Bank, Defendants here have stated in their affidavit "specific facts" regarding the value of their property; to wit, a competent opinion that the property was worth a certain dollar amount. We recognize that the better practice would have been for Defendants' affidavit to state an opinion of value in the form of a specific dollar amount or minimum dollar amount, whereas here Defendants merely state that the property was worth "the amount of the debt." However, Defendants' statement is sufficiently equivalent to stating a specific dollar amount since the "amount of the debt" at the time of the foreclosure was not in dispute, Defendants essentially state that they have personal knowledge of the amount of the loan, and there is nothing to indicate that Defendants-as the borrowers on the loan-did not know the amount they owed.
III. Conclusion
Defendants, by way of defense pursuant to N.C. Gen.Stat. § 45-21.36, contend that their property was worth the amount of the debt they owed the Bank at the time of the foreclosure. The Bank put forth strong evidence to suggest otherwise. For instance, the Bank's appraiser valued the property at the Bank's foreclosure bid (far below the debt amount) and the Bank ultimately sold the property for far less than its bid. However, Defendants put forth evidence regarding the value of the property which is at odds with the Bank's evidence. It certainly could be argued that Defendants' evidence is much weaker-for example, there is no indication that Defendants are licensed appraisers, and they fail to lay any foundation in their affidavit to support their opinion of value. However, the jurisprudence of our Supreme Court compels us to conclude that Defendants' affidavit constitutes substantial evidence on the issue, and it is not for the courts to weigh the evidence. Therefore, summary judgment was inappropriate. Accordingly, we reverse the decision of the trial court and remand the matter for further proceedings.
REVERSED AND REMANDED.
Judges ELMORE and GEER concur.

By way of illustration, if a lender forecloses on collateral securing a $1 million loan and the lender purchases the collateral at the sale for $600,000, the lender would normally have a valid deficiency claim for $400,000 against the obligors. However, the obligors to which N.C. Gen.Stat. § 45-21.36 applies could "defeat" the claim by way of a "defense" by showing that the collateral was worth at least $1 million (the full loan amount). Alternatively, those obligors could "reduce" their liability by way of an "offset" by showing that the $600,000 bid was "substantially less" than the actual value of the collateral. For example, if the collateral was shown to be worth $850,000 and if $600,000 was determined to be "substantially less" than $850,000, then those obligors' liability for the deficiency would be only $150,000, rather than $400,000.00.

Note that an owner's opinion is not competent where it is shown that the owner's opinion is not really his own but is based entirely on the opinion of others. See Scott v. Smith, 21 N.C.App. 520, 522, 204 S.E.2d 917, 919 (1974).