IN THE SUPREME COURT OF NORTH CAROLINA

No. 289PA15

Filed 5 May 2017

UNITED COMMUNITY BANK (GEORGIA)

v.

THOMAS L. WOLFE and BARBARA J. WOLFE, Trustees of THE THOMAS L.
WOLFE AND BARBARA J. WOLFE IRREVOCABLE TRUST, THOMAS L.
WOLFE, Individually, and BARBARA J. WOLFE, Individually

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision
of the Court of Appeals, ___ N.C. App. ___, 775 S.E.2d 677 (2015), reversing an order
on summary judgment entered on 30 June 2014 by Judge Marvin P. Pope, Jr. in
Superior Court, Transylvania County, and remanding for further proceedings. Heard
in the Supreme Court on 20 March 2017.

> *Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Robert A. Mays, Mark A.
> Pinkston, and Esther E. Manheimer, for plaintiff-appellant.*
>
> *Donald H. Barton, P.C., by Donald H. Barton; and Matthew J. Barton for
> defendant-appellees.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Clint S. Morse and
> Robert A. Singer, for North Carolina Bankers Association, amicus curiae.*

NEWBY, Justice.

North Carolina's anti-deficiency statute, N.C.G.S. § 45-21.36, affords
protection to a borrower following a nonjudicial power-of-sale foreclosure by
accounting for the "true value" of the foreclosed property, thereby potentially

reducing the borrower's remaining indebtedness. To assert this statutory protection, however, the borrower must allege and show that the creditor's successful foreclosure bid was substantially less than the property's "true value" by presenting substantial competent evidence of such value. The borrower's own unsupported opinion, standing alone, is insufficient. Because defendants here failed to forecast substantial competent evidence sufficient to create a genuine issue of material fact as to the foreclosed property's "true value," we reverse the decision of the Court of Appeals and reinstate the trial court's order granting summary judgment in favor of plaintiff.

In August 2008, shortly before the collapse of the real estate market, plaintiff United Community Bank (Georgia) loaned defendants $350,000 to purchase certain real property situated in Transylvania County, North Carolina. The loan was secured by a deed of trust.[1] Sometime later defendants defaulted. Ultimately, in August 2013, the Bank foreclosed by nonjudicial power of sale under the deed of trust. At the sale the Bank bought the property for $275,000 as the highest and only bidder. The Bank had based its bid on an independent appraisal of the property dated March 2013, which valued the property at $275,000. The net proceeds realized from the foreclosure sale ($275,000 minus expenses) failed to satisfy the outstanding debt, resulting in a deficiency of over $50,000. The Bank then listed the property for sale

---

[1] The "credit agreement" indicates that defendants Thomas L. Wolfe and Barbara J. Wolfe borrowed the money acting both individually and as trustees of the "Thomas L. Wolfe and Barbara J. Wolfe Irrevocable Trust under the provisions of a Trust Agreement dated June 29, 2004."

at $279,000. After receiving no suitable market response, the Bank lowered the asking price to $244,500 in October 2013, before eventually selling the property in December 2013 for $205,000.

The Bank filed the instant action in Superior Court, Transylvania County, to collect the deficiency plus interest, attorneys' fees, and costs. In their answer defendants denied plaintiff's allegations and asserted the protection of the anti-deficiency statute. The Bank moved for summary judgment and, relying primarily on the appraisal and resale price of the property, maintained that the price it paid for the property at foreclosure was reasonable. Defendants' affidavit in opposition stated:

> [A]ffiants verily believes [sic] that the residence and real property sold that is the subject of this Complaint was at the time of its sale fairly worth the amount of the debt it secured and affiants believe the amount bid for the property was substantially less than its fair market value at the time of the sale.

While the affidavit tracks the statutory language and asserts defendants' opinion that the property was "fairly worth the amount of the debt," the affidavit does not assign a specific dollar value to the property or specify any supporting evidence. Following a hearing, the trial court granted summary judgment in favor of the Bank and awarded $57,737.74 for the deficiency and accrued interest, plus attorneys' fees and costs. Defendants appealed.

The Court of Appeals reversed, concluding that defendants' affidavit created a genuine issue of material fact as to the "true value" of the foreclosed property under section 45-21.36. *United Cmty. Bank (Ga.) v. Wolfe*, ___ N.C. App. ___, ___, 775 S.E.2d 677, 680 (2015). Because defendants personally knew the loan balance at the time of the foreclosure sale, and their affidavit, as the property owners, stated that the foreclosed property was "fairly worth the amount of the debt," the Court of Appeals reasoned that defendants were not only competent to testify but that their unsupported opinion created a genuine issue of material fact. *Id.* at ___, 775 S.E.2d at 680 (citing *Dep't of Transp. v. M.M. Fowler, Inc.*, 361 N.C. 1, 6, 637 S.E.2d 885, 890 (2006); *N.C. State Highway Comm'n v. Helderman*, 285 N.C. 645, 652, 207 S.E.2d 720, 725 (1974)). The Court of Appeals reversed the trial court's grant of summary judgment for the Bank and remanded for trial. *Id.* at ___, 775 S.E.2d at 681. This Court allowed discretionary review.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2015). Supporting affidavits and affidavits in opposition to summary judgment

> shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . [A]n adverse party may not rest upon the mere allegations or denials of his pleading, but

> his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Id.*, Rule 56(e) (2015). The nonmoving party survives a motion for summary judgment by presenting substantial evidence that creates a genuine issue of material fact. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000). "'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' and means 'more than a scintilla or a permissible inference.'" *Ussery v. Branch Banking & Tr.*, 368 N.C. 325, 335, 777 S.E.2d 272, 278-79 (2015) (quoting *Thompson v. Wake Cty. Bd. of Educ.*, 292 N.C. 406, 414, 233 S.E.2d 538, 544 (1977)). This Court reviews appeals from summary judgment de novo. *Id.* at 334-35, 777 S.E.2d at 278.

Foreclosure by power of sale arises under the contract between the borrower and the creditor, allowing the creditor to sell the mortgaged property upon the borrower's default. *In re Foreclosure of Lucks*, ___ N.C. ___, ___, 794 S.E.2d 501, 504 (2016). Following a foreclosure sale, the amount of the borrower's debt is reduced by the net proceeds from the sale. N.C.G.S. § 45-21.31(a)(4) (2015). Generally, a borrower is liable for the deficiency. When the creditor is also the high bidder at the nonjudicial power-of-sale foreclosure, however, the borrower may assert the protection of section 45-21.36:

> When any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the

same, at which the mortgagee, payee or other holder of the
obligation thereby secured becomes the purchaser and
takes title either directly or indirectly, and thereafter such
mortgagee, payee or other holder of the secured obligation,
as aforesaid, shall sue for and undertake to recover a
deficiency judgment against the mortgagor, trustor or
other maker of any such obligation whose property has
been so purchased, it shall be competent and lawful for the
defendant against whom such deficiency judgment is
sought to allege and show as matter of defense and offset,
but not by way of counterclaim, that the property sold was
fairly worth the amount of the debt secured by it at the
time and place of sale or that the amount bid was
substantially less than its true value, and, upon such
showing, to defeat or offset any deficiency judgment
against him, either in whole or in part . . . . [T]his section
shall not apply to foreclosure sales made pursuant to an
order or decree of court . . . .

*Id.* § 45-21.36 (2015).

In a creditor's action to collect the deficiency, this "anti-deficiency statute"
provides the method of calculating a borrower's remaining indebtedness by deducting
from the total debt owed the "true value" of the foreclosed property, rather than the
amount paid by the creditor at the foreclosure sale. *See High Point Bank & Tr. v.
Highmark Props., LLC*, 368 N.C. 301, 307, 776 S.E.2d 838, 843 (2015); *see also
Richmond Mortg. & Loan Corp. v. Wachovia Bank & Tr.*, 210 N.C. 29, 34, 185 S.E.
482, 485 (1936) ("[The creditor] shall not recover judgment against his debtor for any
deficiency . . . without first accounting to his debtor for the fair value of the property
at the time and place of the sale . . . . In such case, the amount bid by the creditor at
the sale, and applied by him as a payment on the debt, is not conclusive as to the

value of the property."), *aff'd*, 300 U.S. 124, 57 S. Ct. 338, 81 L. Ed. 338 (1937). When the statutory protection is asserted, the "true value" of the property becomes a material fact. *Wachovia Realty Invs. v. Hous., Inc.*, 292 N.C. 93, 112, 232 S.E.2d 667, 679 (1977). The borrower's remaining liability may be eliminated altogether or reduced by way of "offset" if the borrower shows that the foreclosed property "was fairly worth the amount of the debt" or that the foreclosure bid "was substantially less than [the foreclosed property's] true value." N.C.G.S. § 45-21.36.

A borrower opposing summary judgment must forecast substantial competent evidence by way of specific facts to show the property's "true value" is genuinely at issue. *See id.* (requiring the borrower to "*allege and show* as matter of defense and offset" (emphasis added)); *see also* N.C.G.S. § 1A-1, Rule 56(e). Only "[u]pon such [a] showing" can a borrower defeat or offset a deficiency judgment against him or her. *Id.* § 45-21.36; *see Wachovia Realty Invs.*, 292 N.C. at 112-13, 232 S.E.2d at 679 (considering resale price after foreclosure as an indication of the true value of the property at foreclosure); *Blue Ridge Savs. Bank v. Mitchell*, 218 N.C. App. 410, 412-13, 721 S.E.2d 322, 324-25 (considering appraisal value, foreclosure price, and resale price as competent evidence of true value), *aff'd per curiam*, 366 N.C. 331, 734 S.E.2d 572 (2012).

In opposing summary judgment here, defendants relied on their status as the property owners and their joint affidavit "made on [defendants'] personal knowledge," stating that they "verily believe[ ] that the . . . property sold . . . was at the time of

[the foreclosure] sale fairly worth the amount of the debt it secured." Defendants'

conclusory statement without any supporting facts is insufficient to create a genuine

issue of material fact. *See* N.C.G.S. § 1A-1, Rule 56(e) ("[A]n adverse party may not

rest upon the mere allegations or denials of his pleading, but his response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing

that there is a genuine issue for trial."); *Lowe v. Bradford*, 305 N.C. 366, 370, 289

S.E.2d 363, 366 (1982) ("[W]hen the moving party by affidavit or otherwise presents

materials in support of his motion, it becomes incumbent upon the opposing party to

take affirmative steps to defend his position by proof of his own. If he rests upon the

mere allegations or denial of his pleading, he does so at the risk of having judgment

entered against him.").

Once the Bank produced substantial competent evidence of value, Rule 56

required even the property owners to provide more than a conclusory statement. *See*

*Lexington State Bank v. Miller*, 137 N.C. App. 748, 753-54, 529 S.E.2d 454, 457

(characterizing the defendant property owner's affidavit, which stated that the

property "was worth substantially more than the amount which was bid and paid by

[the bank]," as "unsupported allegations" rather than the "specific facts" needed to

survive summary judgment), *disc. rev. denied*, 352 N.C. 589, 544 S.E.2d 781 (2000);

*see also N.C. Dep't of Transp. v. Haywood County*, 360 N.C. 349, 352, 626 S.E.2d 645,

647 (2006) (land condemnation case excluding "experts' testimony about [their]

feelings and personal opinions" on valuation because the trial court found the

testimony "unsupported by objective criteria," "based on hunches and speculation," and therefore "lack[ing] sufficient reliability"). Simply restating the statutory language in affidavit form is inadequate. The Court of Appeals' reliance on the land condemnation cases *Department of Transportation v. M.M. Fowler, Inc.* and *North Carolina State Highway Commission v. Helderman* is misplaced. Here the issue is not a landowner's competency to testify but whether the landowners' affidavit presented substantial competent evidence under Rule 56(c) regarding the "true value" of the foreclosed property.

In sum, defendants failed to present substantial competent evidence to create a genuine issue of material fact regarding the "true value" of the foreclosed property. Under Rule 56, merely reciting the statutory language or asserting an unsubstantiated opinion regarding the foreclosed property's value is insufficient. Accordingly, we reverse the decision of the Court of Appeals and reinstate the trial court's grant of summary judgment in favor of the Bank.

REVERSED.