IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1071

Filed: 6 August 2019

Moore County, Nos. 17 SP 224-26

IN THE MATTER OF NORTH CAROLINA (FUTURE ADVANCE) DEED OF TRUST BY NICOR, LLC TO JERONE C. HERRING AND SUBSEQUENTLY D. TALMADGE SCARBOROUGH III, SUBSTITUTE TRUSTEE

RECORDED AT BOOK 1770, PAGE 152 OF THE MOORE COUNTY REGISTRY

SUBSTITUTION OF TRUSTEE RECORDED AT BOOK 4862, PAGE 263, IN THE MOORE COUNTY REGISTRY

IN THE MATTER OF NORTH CAROLINA DEED OF TRUST AND SECURITY AGREEMENT BY NICOR, LLC TO BB&T COLLATERAL SERVICE CORPORATION AND SUBSEQUENTLY D. TALMADGE SCARBOROUGH III, SUBSTITUTE TRUSTEE

RECORDED AT BOOK 2988, PAGE 461 OF THE MOORE COUNTY REGISTRY

SUBSTITUTION OF TRUSTEE RECORDED AT BOOK 4862, PAGE 265, IN THE MOORE COUNTY REGISTRY

IN THE MATTER OF NORTH CAROLINA DEED OF TRUST AND SECURITY AGREEMENT BY FOREST HAVEN, LLC TO BB&T COLLATERAL SERVICE CORPORATION AND SUBSEQUENTLY D. TALMADGE SCARBOROUGH III, SUBSTITUTE TRUSTEE

RECORDED AT BOOK 2793, PAGE 393 OF THE MOORE COUNTY REGISTRY

SUBSTITUTION OF TRUSTEE RECORDED AT BOOK 4862, PAGE 269, IN THE MOORE COUNTY REGISTRY

IN THE MATTER OF NORTH CAROLINA DEED OF TRUST AND SECURITY AGREEMENT BY NICOR, LLC TO BB&T COLLATERAL SERVICE CORPORATION AND SUBSEQUENTLY D. TALMADGE SCARBOROUGH III, SUBSTITUTE TRUSTEE

RECORDED AT BOOK 3216, PAGE 62 OF THE MOORE COUNTY REGISTRY

SUBSTITUTION OF TRUSTEE RECORDED AT BOOK 4862, PAGE 267, IN THE MOORE COUNTY REGISTRY

Appeal by respondents from orders entered 26 April 2018 by Judge Tanya T. Wallace in Moore County Superior Court. Heard in the Court of Appeals 27 March 2019.

> *Nelson Mullins Riley & Scarborough LLP, by Leslie Lane Mize and D. Martin Warf, for petitioner-appellee.*
>
> *Clayton Myrick McClanahan & Coulter, by Noel B. McDevitt, Jr., and West & Smith, LLP, by Stanley W. West, for respondents-appellants.*

ZACHARY, Judge.

Respondents-Appellants Nicor, LLC and Forest Haven, LLC (hereinafter "Nicor," "Forest Haven," and collectively "Obligors") appeal from orders of sale in three proceedings permitting foreclosure of certain real property "described in the [d]eeds of [t]rust in accordance with the terms and provisions of the power of sale contained therein." Prior to commencing foreclosure proceedings, RREF II WBC Acquisitions, LLC ("RREF"), then the holder of the notes, filed Obligors' confession of judgment entitling RREF to judgment for the entire outstanding amount owed on the promissory notes securing the deeds of trust. The trial court entered judgment in RREF's favor and stayed the foreclosure proceedings. Obligors argued before the trial court, and now argue before this Court, that the entry of judgment in RREF's favor for the aggregate debt secured by the deeds of trust on the property precluded the holder of the notes from subsequently foreclosing on the properties. Due to the

limited scope of power-of-sale foreclosure proceedings, we conclude that this argument was not properly before the trial court. Accordingly, we affirm the trial court's orders of sale permitting foreclosure.

## I. Background

Over a period of nearly twelve years, Nicor executed five promissory notes with principal amounts totaling $1,351,200.00 and secured repayment by executing three deeds of trust, originally for the benefit of BB&T Collateral Service Corporation ("BB&T"). Thereafter, BB&T assigned the Nicor promissory notes and deeds of trust to RREF.

On 4 May 2015, Forest Haven executed a promissory note in the original principal amount of $933,500.00, and secured repayment of the note by executing a deed of trust in favor of BB&T. BB&T assigned the Forest Haven promissory note and deed of trust to RREF.

Obligors defaulted; however, in October 2015, Obligors and RREF entered into a forbearance agreement, which provided Obligors additional time to satisfy their debts. The agreement acknowledged the current amount of the debt owed and the existence of defaults under the promissory notes. RREF agreed not to exercise its rights under the loan documents until the earlier of 31 August 2016, or Obligors' failure to comply with the terms of the forbearance agreement (including any event of default). In addition, Obligors agreed to entry of judgment in RREF's favor if

Obligors failed to satisfy the terms of the forbearance agreement, and they accordingly executed a confession of judgment. Obligors further permitted RREF, "[u]pon termination of the Forbearance Period," to initiate foreclosure proceedings upon the Nicor and Forest Haven deeds of trust that "have not [been] paid off under the terms of this Agreement."

One year later, in October 2016, the parties executed a "Modification of Forbearance Agreement" extending the forbearance period to 31 August 2017. The second forbearance agreement included confession of judgment and foreclosure provisions that were identical to those contained in the first forbearance agreement.

Obligors subsequently failed to comply with the terms of the modified forbearance agreement, and RREF filed the confession of judgment on 8 August 2017 in Moore County Superior Court. That day, the clerk of court entered judgment against Obligors in the amount of $1,834,071.42, plus interest at the annual rate of 12% to be calculated from the filing of the confession of judgment.

On 12 October 2017, RREF initiated three power-of-sale foreclosure proceedings before the Moore County Clerk of Superior Court. After initiating the foreclosure proceedings, RREF assigned the Nicor and Forest Haven promissory notes and deeds of trust to CL45 MW Loan 1, LLC ("CL45"), the current holder of the notes. The assistant clerk of superior court consolidated the matters for hearing, and concluded that the requirements of N.C. Gen. Stat. § 45-21.16 were satisfied. On 1

February 2018, the assistant clerk of court entered an order of sale in each proceeding allowing CL45 to proceed with the power-of-sale foreclosures on the real estate described in the deeds of trust.

Obligors appealed, and the matters were consolidated for a *de novo* hearing in Moore County Superior Court on 12 March 2018, the Honorable Tanya T. Wallace presiding. On 26 April 2018, Judge Wallace concluded that the requirements of N.C. Gen. Stat. § 45-21.16 were satisfied and entered orders of sale permitting foreclosure. Obligors timely filed notices of appeal.

## II.  Discussion

Obligors argue on appeal that the trial court erred in permitting the foreclosures to proceed after the holder of the notes had already obtained a judgment against Obligors for the entire amount of the debt secured by the deeds of trust. For the reasons explained below, we affirm the trial court's orders of sale permitting foreclosure.

### A.  Standard of Review

When reviewing a trial court's decision sitting without a jury, "findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary." *In re Foreclosure of Bass*, 366 N.C. 464, 467, 738 S.E.2d 173, 175 (2013).

"Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Id.*

B.      Power-of-Sale Foreclosure

There are two types of foreclosure proceedings in North Carolina: (1) foreclosure by judicial action, and (2) foreclosure under power of sale. *Banks v. Hunter*, 251 N.C. App. 528, 534, 796 S.E.2d 361, 367 (2017). "[F]oreclosure by power of sale under a deed of trust is a non-judicial proceeding." *In re Foreclosure of Lucks*, 369 N.C. 222, 222, 794 S.E.2d 501, 503 (2016). Chapter 45 of our General Statutes, concerning power-of-sale foreclosures, provides "certain minimal judicial procedures, including requiring notice and a hearing designed to protect the debtor's interest." *Id.* at 223, 794 S.E.2d at 503. In order to foreclose under a power-of-sale provision in a deed of trust, the clerk must find:

> (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), or if the loan is a home loan under G.S. 45-101(1b), that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed, and (vi) that the sale is not barred by G.S. 45-21.12A[.]

N.C. Gen. Stat. § 45-21.16(d) (2017). If the clerk finds the existence of these six elements, "the clerk shall authorize the mortgagee or trustee to proceed under the

instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article." *Id.*

The statute permits a *de novo* appeal of the clerk's findings "to the judge of the district or superior court having jurisdiction" within ten days after entry of the clerk's order. *Id.* § 45-21.16(d1). On appeal, the trial court is limited to deciding the same issues as the clerk—the existence of the elements provided in N.C. Gen. Stat. § 45-21.16(d). *In re Foreclosure of Goforth Properties, Inc.*, 334 N.C. 369, 374, 432 S.E.2d 855, 858 (1993). "The superior court has no equitable jurisdiction and cannot enjoin foreclosure upon any ground other than the ones stated in N.C. Gen. Stat. § 45-21.16." *In re Foreclosure of Young*, 227 N.C. App. 502, 505, 744 S.E.2d 476, 479 (2013) (quotation marks omitted).

C.    Anti-Deficiency Statutes

Obligors first argue that the entry of judgment against them for the full amount of the debt precludes CL45 from subsequently proceeding with foreclosure, because doing so would in effect repeal N.C. Gen. Stat. § 45-21.36. Section 45-21.36 grants debtors a fair-market-value offset defense to certain deficiency judgments entered after foreclosure. A party may utilize this defense

> [w]hen any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation,

as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset, but not by way of counterclaim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part.

N.C. Gen. Stat. § 45-21.36.

Under this provision, where the foreclosing creditor is the high bidder for the property for an amount less than the debt owed to the foreclosing creditor in a power-of-sale foreclosure, and the foreclosing creditor subsequently sues to recover the deficiency, the deficiency may be eliminated or reduced in two circumstances. First, the court may eliminate the deficiency if the debtor can show "that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale." *Id.*; *see also United Cmty. Bank v. Wolfe*, 242 N.C. App. 245, 246, 775 S.E.2d 677, 679 (2015), *rev'd on other grounds*, 369 N.C. 555, 799 S.E.2d 269 (2017). Alternatively, the court can reduce the deficiency upon the debtor's showing "that the amount bid [by the foreclosing creditor] was substantially less than its true value." N.C. Gen. Stat. § 45-21.36; *see also Wolfe*, 242 N.C. App. at 246, 775 S.E.2d at 679.

This statute's purpose is "to protect a debtor from a creditor unilaterally determining the amount to be applied to a debt resulting from the trustee's sale of

collateral." *High Point Bank & Tr. Co. v. Highmark Props., LLC*, 368 N.C. 301, 307,

776 S.E.2d 838, 842 (2015). The deficiency offset "protects a debtor by calculating the

debt based upon the fair market value of the collateral instead of the amount bid by

the creditor at the trustee's sale." *Id.* at 307, 776 S.E.2d at 843. This protection "is

an equitable method of calculating the indebtedness, and as such is not subject to

waiver." *Id.* "[W]aiver of this statutory protection as a prerequisite to receipt of a

mortgage or as a condition of a guarantee agreement would violate public policy." *Id.*

at 308, 776 S.E.2d at 843.

Obligors assert that this Court should interpret section 45-21.36 as preventing

the evasion of its deficiency protections, just as our Supreme Court interpreted

section 45-21.38 in *Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366,

250 S.E.2d 271 (1979). Section 45-21.38 provides that

> [i]n all sales of real property by mortgagees and/or trustees
> under powers of sale contained in any mortgage or deed of
> trust executed after February 6, 1933, or where judgment
> or decree is given for the foreclosure of any mortgage
> executed after February 6, 1933, to secure to the seller the
> payment of the balance of the purchase price of real
> property, the mortgagee or trustee or holder of the notes
> secured by such mortgage or deed of trust shall not be
> entitled to a deficiency judgment on account of such
> mortgage, deed of trust or obligation secured by the same:
> Provided, said evidence of indebtedness shows upon the
> face that it is for balance of purchase money for real estate:
> Provided, further, that when said note or notes are
> prepared under the direction and supervision of the seller
> or sellers, he, it, or they shall cause a provision to be
> inserted in said note disclosing that it is for purchase

money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

N.C. Gen. Stat. § 45-21.38.

Pursuant to this statute, "if the debt secured by the mortgage or deed of trust is for the balance of the purchase price owed to the [creditor] for the land involved, no deficiency judgment can be recovered against the mortgagor."  1 Patrick K. Hetrick and James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 13.46[1] (Matthew Bender, 6th ed.).  However, the deed of trust must explicitly state that the indebtedness is for the balance of the purchase price for the real estate.  *Id.*

Our Supreme Court interpreted this purchase-money mortgage anti-deficiency statute as limiting a foreclosing creditor, who was also the original seller of the land, to the remedy of foreclosing on the land.  *Ross Realty*, 296 N.C. at 370, 250 S.E.2d at 273 ("[W]e think the manifest intention of the Legislature was to limit the creditor to the property conveyed when the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.").

In construing section 45-21.38, the *Ross* Court stated that "the 1933 General Assembly intended to protect vendees from oppression by vendors and mortgagors from oppression by mortgagees." *Id.* at 371, 250 S.E.2d at 274.  Indeed, our Supreme Court determined that it was "compelled to construe [section 45-21.38] more broadly

and . . . conclude that the Legislature intended to take away from creditors the option of suing upon the note in a purchase-money mortgage transaction. This construction of the statute not only prevents its evasion, but also gives effect to the Legislature's intent." *Id.* at 373, 250 S.E.2d at 275.

The mortgages in this case do not fall within section 45-21.38's protections because they are not purchase-money mortgages, but Obligors nevertheless ask our Court "to construe [section] 45-21.36 with the same breadth" as our Supreme Court construed section 45-21.38 in *Ross*. The construction that Obligors seek would prevent a lender from suing and obtaining a judgment *in personam* on a promissory note, and then subsequently pursuing a second action *in rem* by filing a foreclosure action. Obligors maintain that if CL45 proceeds with the foreclosure under these circumstances, then it "can purchase the properties for a fraction of their fair market value at the foreclosure sale with negligible effect on the substantial [j]udgment that it possesses. Then, [CL45] can freely continue to execute and enforce the [j]udgment against [the] property that was never secured by the foreclosed deeds of trust." In sum, Obligors contend that it would be inequitable—and in their view, prohibited by statute—to permit CL45 to foreclose on the property when it has already taken a substantial money judgment against Obligors for the full amount of the debt.

While Obligors ask this Court to read into section 45-21.36 an anti-deficiency protection when a foreclosing mortgagee has already taken a judgment against the

mortgagor, this appeal is before us after the trial court found in each case that CL45 had established the elements required for authorization of a power-of-sale foreclosure. CL45 responds that Obligors' equitable argument exceeds the scope of review under N.C. Gen. Stat. § 45-21.16(d); however, Obligors contend that after taking a judgment for the entire amount of the debt, CL45, as the holder of the notes, lost the "right to foreclose on the underlying [d]eeds of [t]rust *as a matter of law*."

D. "Right to Foreclose Under the Instrument"

As discussed above, one of the elements that the clerk of court or trial court must find to authorize a power-of-sale foreclosure is that the party seeking foreclosure had the "right to foreclose under the instrument." N.C. Gen. Stat. § 45-21.16(d). The trial court must "consider strictly whether 'the instrument' at issue conveys a right to foreclose." *Young*, 227 N.C. App. at 506, 744 S.E.2d at 480. The right to foreclose will not exist simply because the proper wording is used in the deed of trust; rather, "[i]n order for a trustee under a Deed of Trust to have any right to foreclose on a parcel of land, the Deed of Trust must encompass the subject property as security for the debt owed by the mortgagor." *In re Foreclosure of Michael Weinman Assoc.*, 333 N.C. 221, 228, 424 S.E.2d 385, 389 (1993). In that the clerk or trial court has no equitable jurisdiction in a power-of-sale foreclosure, "[t]he existence of any equitable defenses is inapposite to consideration" of the right to foreclosure.

*Young*, 227 N.C. App. at 506, 744 S.E.2d at 480. Thus, only legal defenses may be considered.

Our courts have found that legal defenses to the right to foreclose under the instrument were properly raised where: (1) the property listed in the notice of hearing was not encumbered by the lien in the deed of trust, *Goforth*, 334 N.C. at 376-77, 432 S.E.2d at 859-60; (2) the property was released from the deed of trust and did not secure the note, or the borrower was entitled to a release under the deed of trust and the lender refused to deliver or record the release; the deed of trust did not contain a valid power-of-sale provision; and the property subject to foreclosure was owned free and clear of the deed of trust being foreclosed upon, *Weinman*, 333 N.C. at 229-30, 424 S.E.2d at 389-90; (3) the property was not secured by the deed of trust because the lender attached a fraudulent legal description to the deed of trust after the borrower signed it, *In re Hudson*, 182 N.C. App. 499, 503, 642 S.E.2d 485, 488 (2007); and (4) the deed of trust was not properly executed by the parties, *Espinosa v. Martin*, 135 N.C. App. 305, 308, 520 S.E.2d 108, 111 (1999), *disc. review denied*, 351 N.C. 353, 543 S.E.2d 126 (2000).[1]

As these cases illustrate, a party may assert an appropriate legal defense to the right to foreclose where (1) the loan documents provide the lender or holder of the

---

[1] For further explanation and more examples, *see* Meredith Smith, *Foreclosure by Power of Sale Equitable vs. Legal Defenses G.S. Chapter 45-21.16*, UNC School of Government, 6-7 (March 2015), [https://perma.cc/A6YS-3N3P].

note with the right to foreclose, and (2) a defect exists in the documents or the proceedings resulting therefrom. The existence of a deficiency judgment against the debtor is not a legal defense that may be raised prior to the issuance of the order of sale.

While the trial court must decline to address any argument beyond the existence of the six elements listed in N.C. Gen. Stat. § 45-21.16(d), this Court has repeatedly held that such arguments may be raised in a hearing to enjoin a foreclosure sale pursuant to N.C. Gen. Stat. § 45-21.34. *Young*, 227 N.C. App. at 505-06, 744 S.E.2d at 480. To enjoin a mortgage sale on equitable grounds,

> [a]ny owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to G.S. 45-21.29A to enjoin such sale, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient.

N.C. Gen. Stat. § 45-21.34.

In the instant case, the only element disputed by Obligors is CL45's right to foreclose under the instrument. Obligors do not contend that any of the loan documents prohibit CL45 from proceeding with foreclosure. The forbearance agreements explicitly provide for CL45's right to foreclose. Moreover, Obligors do not contest the existence of any of the other elements in N.C. Gen. Stat. § 45.21.16(d).

However, although the trial court determined that "the filing of the Confession of Judgment does not preclude foreclosure," the trial court did not have the authority to make this conclusion. Accordingly, the trial court's order of sale permitting foreclosure of the properties at issue must be affirmed, sans the conclusion that the previously filed judgment does not preclude foreclosure.

In a subsequent hearing to enjoin the power-of-sale foreclosure pursuant to N.C. Gen. Stat. § 45-21.34, Obligors may assert that entering judgment against a debtor precludes a creditor from subsequently seeking to foreclose. If Obligors are unsuccessful in enjoining the foreclosure on equitable grounds pursuant to N.C. Gen. Stat. § 45-21.34, they may appeal that order to this Court and make their arguments again. *See Goad v. Chase Home Fin. LLC*, 208 N.C. App. 259, 704 S.E.2d 1 (2010) (reviewing the denial of an order to enjoin a foreclosure pursuant to N.C. Gen. Stat. § 45-21.34).

### III.    Conclusion

We affirm the trial court's orders of sale permitting foreclosure. Obligors' equitable argument exceeds the scope of a trial court's review in a power-of-sale foreclosure proceeding; however, Obligors may present their argument in a hearing to enjoin the mortgage sale pursuant to N.C. Gen. Stat. § 45-21.34 if circumstances warrant.

AFFIRMED.

Judges STROUD and INMAN concur.